[Crim. No. 3178.    First Dist., Div. Two.    June 19, 1956.]

THE PEOPLE, Appellant, v. BOCK LEUNG CHEW, Respondent.

Edmund G. Brown, Attorney General, Clarence A. Linn, Assistant Attorney General, and Victor Griffith, Deputy Attorney General, for Appellant.

Benjamin M. Davis for Respondent.

DOOLING, J.—Defendant was charged with possessing a preparation of yen shee in violation of Health and Safety Code, section 11500. His motion to set the information aside (Pen. Code, § 995) was granted on the ground that all of the evidence against him was obtained by an illegal search and seizure in violation of his constitutional rights. The People appeal.

At the preliminary hearing Police Officer McKinley testified that on the evening of April 5, 1955, at about 9:15 p. m. he and another police officer happened to be in an apartment building located at 823 Grant Avenue. They had never been in the building before and there was nothing suspicious about the place. On their way to another apartment in this building they walked by the door of Apartment 5. One of the officers testified, ''We walked by the door and smelled—— and it smelled of opium.''

The officers were admitted to the apartment by respondent's wife who was the only person present therein at the time. Respondent's wife did not speak English and did not understand the officers when they talked to her.

Upon entering a room of the apartment the officers became aware of a very strong smell of opium. They searched the premises and under the kitchen cupboard found what later was identified as yen shee in a coffee can. A chemist for the Bureau of Narcotics Enforcement testified that yen shee is

the residue from smoking opium. Between 9:15 and 11 p. m. they saw no one enter or leave the premises and during that period of time they searched the apartment. At 11 p. m. the officers called an interpreter so that they could talk with respondent's wife.

The officers had neither a search warrant nor a warrant for anyone's arrest in Apartment 5.

Respondent's name and identification was obtained from telephone bills found in his apartment. He was arrested the following day about 4:30 p. m. at the Palace Hotel where he worked in the pantry. At that time respondent told the arresting officers that he found the yen shee outside his window when he moved into the apartment. He took it into his apartment and had tried smoking it once but was unable to "roll a pill" and had given it up. He stated that his wife had nothing to do with it and that the contraband belonged to him.

█ Where the question of the legality of an arrest or of a search and seizure is raised at the preliminary hearing the defendant makes a prima facie case when he establishes that an arrest was made without a warrant or that private premises were entered or a search made without a search warrant. The burden is then on the prosecution to show proper justification. (*Badillo* v. *Superior Court*, 46 Cal.2d 269 [294 P.2d 23].)

Police Officer McKinley testified: "We walked by the door [of respondent's apartment] and smelled—— and it smelled of opium."

Respondent argues that this testimony must be construed to mean that only the door itself smelled of opium. We feel that this is too narrow a construction. The language used may be reasonably construed to mean that as the officers passed the door they detected the odor of opium. █ The basic question presented is: When officers detect the odor of a substance, the possession of which is made a felony, apparently coming from an apartment, does this justify their making an immediate entrance into and search of the apartment without first procuring a warrant. Since the possession of opium is a felony officers who detect the odor of opium are entitled to believe that the felony of possessing opium is being committed in their presence. We can see no logical distinction in this respect between something apparent to the sense of smell, and the same thing apparent

to the sense of sight or to the sense of hearing. It is true that, with four justices dissenting, the Supreme Court of the United States, in *Johnson* v. *United States*, 333 U.S. 10 [68 S.Ct. 367, 92 L.Ed. 436], held that federal officers who smelled the fumes of burning opium coming from a residence were not justified in entering the residence without a warrant. With all due respect to the justices of that court who joined in this holding, we cannot follow their reasoning and agree rather with the four justices who dissented. ■ In doing so we follow the suggestion made by our own Supreme Court in *People* v. *Cahan*, 44 Cal.2d 434, in which that court said at pages 450-451 [282 P.2d 905] :

"In developing a rule of evidence applicable in the state courts, this court is not bound by the decisions that have applied the federal rule, and if it appears that those decisions have developed needless refinements and distinctions, this court need not follow them. Similarly, if the federal cases indicate needless limitations on the right to conduct reasonable searches and seizures or to secure warrants, this court is free to reject them."

■ The weight of authority, with which we are in agreement, is with the view that the offense is committed in the presence of an officer "when the officer receives knowledge of the commission of an offense in his presence through any of his senses" (6 C.J.S., Arrest, § 5, p. 581) and this includes the sense of smell (see cases collected in note 52, 6 C.J.S., p. 582). ■ The crime of possession of a narcotic does not require the immediate presence of the defendant so long· as he has "knowledge of the presence of the object as embraced within the concept of 'physical control with the intent to exercise such control,' which constitutes the 'possession' denounced by the statute." (*People* v. *Gory*, 28 Cal.2d 450, 455-456 [170 P.2d 433].) ■ Thus, if respondent, as he later admitted, had physical control of the yen shee with knowledge of its *narcotic* character, the crime of possession was being committed in the presence of the officers although respondent was not there at the time. Respondent's arrest, in view of his absence from the apartment, was made with reasonable promptness· thereafter. ■ The search is not unlawful because it precedes rather than follows the arrest. (*People* v. *Simon*, 45 Cal.2d 645 [290 P.2d 531].)

The testimony of the chemist that yen shee is the residue

from smoking opium sufficiently establishes its narcotic character.

The order appealed from is reversed.

Nourse, P. J., and Kaufman, J., concurred.

A petition for a rehearing was denied July 3, 1956, and respondent's petition for a hearing by the Supreme Court was denied July 18, 1956.