479 P.2d 187

**STATE of Arizona, Appellant,**

v.

**Cynthia Ann McGUIRE, Appellee.**

**No. 2 CA–CR 221.**

Court of Appeals of Arizona,
Division 2.

Jan. 12, 1971.

Gary K. Nelson, Atty. Gen., Phoenix, Rose Silver, Pima County Atty., by William F. McDonald, Deputy County Atty., Tucson, for appellant.

O. G. Marquez, Tucson, for appellee.

HATHAWAY, Judge.

Cynthia Ann McGuire was charged with a misdemeanor—unlawful use of narcotics in violation of A.R.S. § 36–1062, as amended. The state has appealed from an order suppressing evidence, contending that it was seized during a search "incident to a lawful arrest and exigent circumstances surrounding the search and seizure of said evidence justified a search without a search warrant * * *."

During the early morning hours of August 24, 1969, Lawrence Schmale, resident of an apartment on North Tucson Boulevard, Tucson, Arizona, notified the police that he believed the occupants of an adjoining apartment were smoking marijuana because he could smell what he believed to be burning marijuana. The odor came from beneath the door of the adjoining apartment.

Detective Wingfield, accompanied by Officer Richards of the Tucson Police Department, went to the Schmale apartment where they investigated and verified Schmale's complaint. Richards proceeded to the rear door of the suspect apartment; Wingfield knocked on the front door six or seven times. While awaiting a response, he detected a strong odor of what he believed to be marijuana coming from the apartment. He was familiar with the smell from prior law enforcement experience. He also heard "banging noises" inside. The appellee-defendant answered the door, and Wingfield identified himself and entered. He heard the flushing of a toilet inside the apartment and immediately ran into the bathroom. He observed a cigarette in the toilet which he retrieved. One Charles Edward McElhaney was standing by the toilet at the time. Wingfield, experienced in identification of narcotics, determined that the cigarette contained marijuana. He then arrested McElhaney for possession of marijuana and the defendant McGuire for unlawful use of narcotics. Officer Richards, who had gone to the rear of the apartment, heard Wingfield knocking on the front door and heard his voice and heavy footsteps which sounded

like a commotion inside the apartment. Wingfield admitted Richards to the apartment.

· In considering the state's position that the suppressed evidence was seized during a search incident to a lawful arrest, we must first inquire whether the officers had probable cause to make an arrest. A.R.S. § 13–1403, as amended, authorizes a peace officer to make a warrantless arrest,

> "1. When he has probable cause to believe that the person to be arrested has committed a felony or misdemeanor in his presence. If the arrest is for a misdemeanor, the arrest shall be made immediately or on fresh pursuit."

Our supreme court held in State v. Pederson, 102 Ariz. 60, 424 P.2d 810 (1967), and reiterated in State v. Dessureault, 104 Ariz. 380, 453 P.2d 951 (1969) :

> "* * * The existence of probable cause is determined by application of an objective rather than a subjective standard. [citation] Probable cause exists '* * * where "the facts and circumstances within their [the officers'] knowledge and of which they had reasonably trustworthy information [are] sufficient in themselves to warrant a man of reasonable caution in the belief that" an offense has been or is being committed.' Ker v. State of California, 374 U.S. 23, 35, 83 S.Ct. 1623, 1630, 10 L.Ed.2d 726." 104 Ariz. 380, 386, 453 P.2d 951, 957.

■ The lawfulness of arrests by state officers for state offenses is to be determined by state law. Ker v. State of California, 374 U.S. 23, 83 S.Ct. 1623, 10 L. Ed.2d 726 (1963); State v. Mendoza, 104 Ariz. 395, 454 P.2d 140 (1969). Our supreme court has stated that a peace officer may, without invitation, enter "a house or like structure or enclosure in private ownership, where the circumstances are such as to give him knowledge through the report of his senses that a breach of the peace or other misdeameanor is being committed or attempted, and there to arrest the

offenders for · such crime, * * *." Adair v. Williams, 24 Ariz. 422, 432, 210 P. 853, 856 (1922). The court held, however, that such officer may not enter such place for the mere purpose of placing himself in a position to observe the commission of a misdemeanor.

The defendant relies heavily upon Johnson v. United States, 333 U.S. 10, 68 S.Ct. 367, 92 L.Ed. 436 (1948), where a confidential informer notified the police that opium was being smoked by unknown persons in a hotel room. The officers, experienced in narcotics work, investigated and recognized a strong odor of burning opium coming from the defendant's room. The officers knocked, identified themselves and were admitted to the room after some shuffling and a slight delay. They arrested the defendant and conducted a warrantless search which turned up opium and a smoking apparatus that was still warm. The United States Supreme Court held that the warrantless search was illegal and in violation of the defendant's constitutional rights, declaring that the presence of such odors may be sufficient probable cause for the issuance of a search warrant, but did not justify the warrantless search.

As previously noted, the lawfulness of the subject arrest must be determined by Arizona law. The *Johnson* rule would therefore appear not to be obligatory upon the states, Vaillancourt v. Superior Court for County of Placer, 273 Cal.App.2d 791, 78 Cal.Rptr. 615, (1969). *Vaillancourt* involved a situation strikingly similar to the one before us, except that there, when the officers entered the room from which the odor of burning marijuana emanated, the room proved to be unoccupied. A search was upheld on the basis that entry was made on the reasonable belief that persons were present in the room. The appellate court found probable cause to effect an arrest, stating:

> "Here, the officers detected the smell of burning marijuana which would clearly indicate that a crime was being committed in their presence. The burning would also indicate that the evidence was

in fact disappearing, * * *" 78 Cal. Rptr. 619.

The weight of authority, and we believe the better rule, holds that the offense is committed in the presence of an officer "when the officer receives knowledge of the commission of an offense in his presence through any of his senses," People v. Bock Leung Chew, 142 Cal.App. 2d 400, 298 P.2d 118 (1956); 6 C.J.S. Arrest § 5, particularly cases collected in note 52, p. 582. See also, Faber v. State of Arizona, 62 Ariz. 16, 152 P.2d 671 (1944), where probable cause that a crime was being committed in the presence of officers was established through hearing.

The evidence amply demonstrates probable cause for the arrest, namely: Schmale's complaint verified by the strong odor of burning marijuana detected by Wingfield. The prompt police action, frustrating the attempted destruction of contraband, was reasonable and incidental to a lawful arrest. The order suppressing the evidence is quashed.

KRUCKER, C. J., and HOWARD, J., concur.