493 P.2d 133

**The STATE of Arizona, Appellant,**

**v.**

**David Frederick HOWARD, and Larry Howard Witt, Appellees.**

**No. 2 CA–CR 268.**

Court of Appeals of Arizona, Division 2.

Feb. 3, 1972.

Rehearing Denied Feb. 29, 1972.

Review Denied April 4, 1972.

**332**

Gary K. Nelson, Atty. Gen., Phoenix, Rose Silver, Pima County Atty., by John L. Augustine, Deputy County Atty., Tucson, for appellant.

Robert T. Jenkins, Phoenix, for appellees.

KRUCKER, Chief Judge.

This is an appeal by the State of Arizona from an order granting a motion to suppress evidence. The questions presented by this appeal are whether the defendants had standing to move to suppress the evidence, and, whether the police had probable cause to believe a crime was being committed in the residence which they entered. Also raised is the question of whether there was an abuse of discretion by the trial court in not allowing the plaintiff, the State, to submit legal memorandum or argue its theory of the motion to suppress.

Briefly, the facts are that on September 24, 1970, the police received a call that there was a loud disturbance at a residence at 419 East Fairgrounds, Tucson, Arizona. Two officers proceeded to that address. When they arrived at the address they heard no unusual noises. On their way to the front door, one of the officers passed an open window which had no screen, merely a thin, transparent curtain. The officer could see into the house and he observed a number of people sitting on the floor in a circle passing something around among themselves. He detected the odor of burning marijuana. The other officer went up to the front door and knocked. Someone in the house looked out, observed the officers and announced in a loud voice that the police were there. The officer standing by the window heard noises on the other side of the house and went to that side where he observed several people climb out of the window. He stopped several others and told them to go back inside the house. The officers were then allowed admittance and they again smelled burning marijuana inside the house. They observed several people sitting on a couch in the living room and found one of the appellees hiding under a bed in the bedroom with a "brick" of marijuana in his possession. The officers stated that they did not search the house but merely looked around. They found a half joint of marijuana in an ashtray and what they believed to be "manicured grass" in the toilet. The police established that the defendants, Howard and Witt, resided on the premises in question.

Only one witness was called for the State at the special hearing to suppress the evidence. The trial court granted the motion to suppress the evidence and this appeal follows.

In State v. McGuire, 13 Ariz. App. 539, 479 P.2d 187 (1971), we held that when a law enforcement officer receives the knowledge of the commission of an offense in his presence through any of his senses, including his sense of smell, a warrantless arrest and search is permissible. Appellees argue, in essence, that since the noise had abated by the time the officers arrived, the police had no right to come upon the premises. We do not agree. Police officers receiving a report of a disturbance are not bound to return to the station if the proscribed conduct is not occurring when they arrive. They have the right and duty to investigate, and, when appropriate, warn the occupants that they have received a report of disturbing the peace and that such further conduct might result in further steps by the police.

Should the officers, during such an investigation, perceive through their senses a crime being committed in their presence, then the rule in State v. McGuire, supra, is appropriate.

Appellees further contend that the search inside the premises violated Chimel v. California, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969). We are unable to agree. The marijuana in the ashtrays was in plain view. Its seizure was not forbidden by *Chimel*. Neither does *Chimel* prevent the seizure of marijuana from the possession of a defendant. As to the residue of "manicured grass" found in the toilet, it was not within arms length of any of the defendants and we hold *Chimel* would apply.

The order suppressing the evidence is vacated except as to the marijuana in the toilet.

HOWARD and HATHAWAY, JJ., concur.