**The STATE of Oklahoma, Appellant,**

**v.**

**Robert BAXTER, Appellee.**

**No. O–74–277.**

Court of Criminal Appeals of Oklahoma.

Nov. 8, 1974.

L. Jack Barton, Dist. Atty., Ray Don Jackson, Asst. Dist. Atty., for appellant.

Warren L. Griffin, Midwest City, for appellee.

## OPINION

BUSSEY, Judge:

This is an appeal from the District Court, Woodward County, Case No. CRF–73–45, wherein Robert Baxter, hereinafter referred to as defendant, was charged with the crime of Unlawful Possession of a Controlled Drug, in violation of 63 O.S. 1971, § 2–402(B)(1). The State appealed the Examining Magistrate's Order sustaining the defendant's Motion to Suppress the LSD tablets as evidence. The District Court affirmed the Magistrate's ruling and the State has perfected a timely appeal to this Court upon a reserved question of law, as provided by Rule 6.5 of the Rules of this Court.

The following facts were adduced from the record. On August 8, 1973, Officers Hall and Crain were notified to come to Boiling Springs State Park to investigate a possible rape or kidnapping. Harry Coleman, Park Ranger, had summoned the officers. The officers had a report that a black-over-red El Camino car was involved in the alleged crimes. The defendant's car was approaching the officers' car in the opposite direction on the State Park roadway when the officers stopped the defendant's car for investigative purposes. While the officers were approaching the defendant's car, the defendant and his passenger exited the defendant's car. One of the officers questioned the defendant while the other officer looked into the defendant's car through the passenger's window. Upon looking through the window, the officer viewed a dark brown Geritol bottle on the transmission hump. He then reached into the car and picked up the bottle. The officer then noticed the pills in-

side the bottle were not characteristic of Geritol pills and he then asked the defendant what was inside the bottle, to which the defendant replied, "Vitamin A." At this time, the other officer asked the defendant if he could take possession of two or three of the tablets, to which the defendant replied he wouldn't mind, and to take as many as the officer wanted. No arrest was made that night and the defendant and his passenger were told they could go. The officers turned the tablets over to the State Chemist who determined the tablets to be LSD, a dangerous controlled substance. A warrant was issued for the defendant's arrest on the 19th day of September, 1973, after which the defendant was subsequently arrested. At the preliminary hearing the defendant offered no evidence and made a Motion to Suppress the pills as evidence. The Motion to Suppress was sustained on the court's opinion that the pills were products of an illegal search.

In the case at bar, we feel the decision on this appeal rests with this Court's determination of whether or not the lower court was correct in sustaining the defendant's Motion to Suppress.

In support of the Motion to Suppress, to which the lower court agreed, the defendant argued that the officer made an illegal search of the defendant's car and thus the pills which were later identified to be LSD, were obtained illegally and must be suppressed; producing a dismissal of the case against the defendant.

■ In the instant case we find the facts do not reveal that the officer made any search of the defendant's car. We do find that the officer seized the Geritol bottle. Thus, the first question before this Court is whether or not this seizure was unreasonable and therefore violative of the protection against unreasonable searches and seizures which must be afforded to the defendant by the Fourth Amendment of the Constitution of the United States.

This Court recognizes the rule of law that an officer, lawfully in any place may, without obtaining a search warrant, seize from a motor vehicle any item which he observes in plain or open view, if he has probable cause to believe that the item is contraband, a weapon, anything used in committing a crime, loot, or other evidence of crime. See Harris v. United States, 390 U.S. 234, 88 S.Ct. 992, 19 L.Ed.2d 1067 (1968) and Coolidge v. New Hampshire, 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971).

■ In the instant case we find, that while standing adjacent to the defendant's car, the officer was in a lawful position when he had the Geritol bottle in open view. However, we feel the officer made a nonconsensual, warrantless and, therefore, unreasonable seizure of the Geritol bottle when he reached into the defendant's car and picked up the bottle. We find this an unreasonable seizure based upon the officer's mere suspicion, rather than on probable cause, to believe that the bottle contained contraband; which in that case would bring the seizure within the open view doctrine and thus exclude it from the Fourth Amendment protection.

Having determined that the seizure of the bottle was unlawful and in violation of defendant's constitutional rights, it therefore follows that such seizure could not thereafter have been made lawful by the defendant's consent to search the bottle. The seizure being unlawful, the subsequent search thereof was tainted and, therefore, inadmissible. See Wong Sun v. United States, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed. 2d 441 (1963).

For all of the above and foregoing reasons, the ruling of the District Court, Woodward County, is accordingly affirmed.

BLISS, P. J., and BRETT, J., concur.