548 P.2d 853

**STATE of Arizona, Appellee,**

v.

**Jack James WARNESS, Appellant.**

**No. I CA–CR 1360.**

Court of Appeals of Arizona,
Division 1,
Department B.

April 22, 1976.

Bruce E. Babbitt, Atty. Gen. by William J. Schafer, III, Chief Counsel, Crim. Div., Thomas A. Jacobs, Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender by Joel M. Glynn, Deputy Public Defender, Phoenix, for appellant.

OPINION

SCHROEDER, Judge.

This appeal from a conviction and $100 fine for possession of marijuana requires us to determine whether the trial court properly applied the "plain view" doctrine in holding that the evidence of contraband was not the product of an unlawful search or seizure. We hold that in the circumstances of this case, where the police officers were lawfully on the premises of the appellant, inadvertently discovered the contraband while it was lying in plain view, and identified it on the basis of visual inspection, the conviction and sentence must be affirmed.

The facts leading up to the seizure are somewhat unusual. In the early morning hours of March 9, 1975, Officer David Pennington of the Phoenix Police Department and another officer responded to a call concerning a possible burglary at the appellant's residence. The appellant greeted the officers and informed Officer Pennington that he thought someone was in his apartment. He asked them to check inside and consented to their entry. After inspecting each of the rooms of the apartment and discovering no burglar, Officer Pennington entered the hallway from the

front room and noticed a brown prescription bottle lying in a low hanging flower pot. Although the bottle was tinted, it was not opaque, and the officer observed a leafy substance inside the bottle. He picked up the bottle to observe the substance more closely and identified it as marijuana. Appellant was then arrested, warned of his constitutional rights, and searched. The search of his person revealed further marijuana in a leather pouch on his belt.

Prior to trial, appellant moved to suppress the evidence of marijuana seized from his apartment and his person. The motion was denied, and appellant thereafter waived his right to jury trial. He further stipulated to submit the matter to the trial court on the basis of the record in the preliminary hearing. Appellant now appeals from the ensuing conviction and $100 fine levied by the trial court.

Appellant's principal contention is that because the police officer picked up the prescription bottle containing marijuana before positively identifying it as contraband, the resultant seizure of the marijuana and the search of appellant's person were in violation of his constitutionally protected rights under the Fourth and Fourteenth Amendments to the United States Constitution.

■ There are, as appellant acknowledges, certain limited exceptions to the general principle that police must obtain a search warrant from a judicial officer before any search of privately controlled premises. One of these exceptions is where evidence of illegal activity is in "plain view" after police are lawfully on the premises concerned. The requisites for application of the plain view exception were described by the United States Supreme Court in *Coolidge v. New Hampshire*, 403 U.S. 443, 91 S.Ct. 2022, 29 L. Ed.2d 564 (1971):

"What the 'plain view' cases have in common is that the police officer in each of them *had a prior justification for an*

*intrusion* in the course of which he came *inadvertently across a piece of evidence incriminating the accused.* The doctrine serves to supplement the prior justification—whether it be a warrant for another object, hot pursuit, search incident to lawful arrest, or some other legitimate reason for being present unconnected with a search directed against the accused—and permits the warrantless seizure. Of course, the extension of the original justification is legitimate only where *it is immediately apparent to the police that they have evidence before them;* the 'plain view' doctrine may not be used to extend a general exploratory search from one object to another until something incriminating at last emerges." 403 U.S. at 466–67, 91 S.Ct. at 2038. (Emphasis added).

*See also Harris v. United States*, 390 U.S. 234, 236, 88 S.Ct. 992, 993, 19 L.Ed.2d 1067 (1968).

■ In this case it cannot be disputed that the police were lawfully on defendant's premises, having responded to his own request to inspect for the presence of a burglar. It is also beyond question that the incriminating evidence was discovered inadvertently and was not the product of any general exploratory search from one object to another. The only real question raised is whether the identification of the marijuana was sufficiently immediate.

Courts have repeatedly held that marijuana viewed by police officers lawfully on the premises can be lawfully seized. In *State v. Anderson*, 15 Ariz.App. 464, 489 P.2d 722 (1971), this court upheld the seizure of marijuana seeds and plants while the police were on defendant's premises with his consent. The court there stated the rationale for permitting the seizure, quoting from *Davis v. United States*, 327 F.2d 301, 305 (9th Cir. 1964):

"Once lawfully inside . . ., a police officer 'who, from this location, can,

by the mere act of looking, observe what he believes to be contraband, is * * * not required to close (his) eyes and need not walk out and leave the article where he saw it.'" (15 Ariz.App. at 466, 489 P.2d at 724).

Numerous other cases are in accord. In *Davis, supra,* police officers lawfully in a house observed marijuana in a wastebasket. *State v. Ballinger,* 19 Ariz.App. 32, 34, 504 P.2d 955, 957 (1973), approved seizure of a marijuana roach found in an ashtray while the police were investigating a family squabble. In *State v. McGee,* 7 Or.App. 574, 492 P.2d 489 (1972), the court held admissible marijuana seized by police officers while investigating a possible assault with a deadly weapon in defendant's home. The officers discovered the "green vegetable matter" in a clear vial within a partially opened drawer.

Here both the bottle and its contents were plainly visible and the identification of the contraband was made by looking at it. Appellant argues that the evidence was not in plain view because the police officer picked up the bottle before being able to identify the contents positively as marijuana. However, had the officer bent down to look at the bottle, his actions would have been unobjectionable. *See Rippy v. United States,* 322 A.2d 276 (D.C.App. 1974), where the court held that "an object may be regarded as in plain view even though the observer had to 'crane his neck, or bend over, or squat,' in order to spot it." (322 A.2d at 278). Although appellant's position has been ably advanced by his counsel, we cannot justify reaching a different result in this case. The distinction urged by appellant is not the basis for a rational standard governing police conduct in the protection of constitutional rights.

This case differs from *People v. Marshall,* 69 Cal.2d 51, 69 Cal.Rptr. 585, 442 P.2d 665 (1968), where the officers had to open a paper bag to observe that it contained marijuana. *See also United States*

*v. Bradshaw,* 490 F.2d 1097 (4th Cir. 1974), where the evidence was similarly not in plain view, and the officers had to peek through a crack in a truck bed to observe it at all.

Nor is this case like *State v. Murray,* 8 Wash.App. 944, 509 P.2d 1003 (1973), where police officers originally validly on the premises copied down the serial number of a suspicious television set, left the premises to confirm that it was stolen, and then returned without a warrant to seize the set. *See also State v. Baxter,* 528 P.2d 347 (Okl.1974), where a police officer, lawfully beside a car, reached inside, took a bottle, opened it, examined the pills inside, and sent them for chemical analysis which proved them to be LSD. In both *Baxter* and *Marshall,* the courts held the seizure invalid. In both cases, the nature of the evidence was not apparent from mere visual inspection. In this case, it was apparent from visual inspection.

■ Appellant also suggests that even if the evidence was in plain view, there remained the further requirement that exigent circumstances be present before it could be seized without a warrant. However, as we have discussed, warrantless seizures are permitted when the incriminating evidence is in plain view to officers lawfully on the premises where the evidence is located. A different situation exists when the police view the evidence from outside the protected area, as through a window from the street. This is sometimes termed an "open view," and a warrant must be obtained for a lawful search absent exigent circumstances. Thus the cases generally hold that an open view can provide probable cause for a warrant, but cannot alone justify a warrantless intrusion of a protected area. See, *e. g.,* the extensive discussion in *Brown v. State,* 15 Md.App. 584, 292 A.2d 762 (1972).

The cases relied upon by the appellant are, in fact, cases in which the incriminating evidence was viewed from outside the

protected area, and the police had no lawful justification for an intrusion. They are "open view" rather than "plain view" situations. *See Brown v. State, supra,* and *State v. Spietz,* 531 P.2d 521 (Alas.1975). The court in *Brown* explained that, "There being no prior valid intrusion, the 'Plain View' Doctrine is simply inapplicable."

In this case, the officers were lawfully on the premises at appellant's invitation, all the requirements for the warrantless seizure of evidence in plain view were satisfied, and no additional exigent circumstances need have been shown.

The judgment and sentence are affirmed.

JACOBSON, P. J., and WREN, J., concur.