580 P.2d 351

**STATE of Arizona, Appellee,**

v.

**Barry Daniel DECKER, Appellant.**

**No. 1 CA–CR 2031.**

Court of Appeals of Arizona,
Division 1,
Department A.

July 19, 1977.

Rehearing Denied Aug. 26, 1977.

Bruce E. Babbitt, Atty. Gen. by William J. Schafer, III, Chief Counsel, Crim. Div. and Galen H. Wilkes, Asst. Attys. Gen., Phoenix, for appellee.

Aspey, Watkins & Diesel by Louis M. Diesel, Flagstaff, for appellant.

OPINION

DONOFRIO, Judge.

Appellant, Barry Daniel Decker, was residing in Room 33 at the Pine Hotel in Flagstaff, Arizona, on January 19, 1976. Police officer Sewell responded to a report of a prowler at the hotel at approximately 7:30 p. m. that evening and entered the building in furtherance of his investigation. During his search Officer Sewell detected the strong odor of burned marijuana emanating from Room 33. Sewell knocked several times and finally a voice from within inquired as to whom was present to which Sewell replied "police officer." When two minutes passed without the door being opened Sewell again knocked on the door and said, "police officer. Open the door or I'll break it in." Sewell heard movement within and another minute or two passed without the door being opened. Sewell then kicked in the door and saw appellant standing near a window and a baggie of marijuana lying at his feet.

Appellant was charged with possession of marijuana in violation of A.R.S. § 36–1002.-05. Following the Superior Court's refusal to suppress the marijuana, Decker waived a jury trial and the issue of guilt was submitted to the trial judge on the basis of the then existing record. Decker was found guilty of misdemeanor possession of marijuana, fined and placed on probation. This appeal followed.

In this appeal we are called on to decide whether under the circumstances then known to him, the policeman's warrantless and forcible entry into the hotel room violated Decker's state and federal constitutional rights thereby requiring suppression of the evidence obtained by means of this entry. To conclude that the marijuana was legally seized and therefore admissible it is necessary to establish either (a) that there was probable cause to arrest Decker inside the hotel room and that a warrantless entry to accomplish a warrantless arrest based on probable cause is proper, or (b) that the warrantless entry under the circumstances of this case was based on probable cause and justified by exigent circumstances.

See, *United States v. McLaughlin*, 525 F.2d 517 (9th Cir. 1975). The State argues that the seizure of the evidence was incident to a lawful arrest and thus a search warrant was unnecessary. It is the State's position that when the policeman smelled the odor of burned marijuana emanating from Decker's room, he then had probable cause to believe that marijuana was being "possessed" therein in violation of A.R.S. § 36–1002.05 and therefore was empowered to make an arrest without a warrant under A.R.S. § 13–1403. The validity of a warrantless arrest having been established, the State alleges that the policeman complied with A.R.S. § 13–1411 and was entitled to break into the room to effect the arrest. The State also advances the argument in support of suppression that by burning marijuana in his hotel room Decker gave up any expectation of privacy that he might have had and thus there was no Fourth Amendment violation.

The Superior Court in refusing to suppress the evidence relied upon *State v. McGuire*, 13 Ariz.App. 539, 479 P.2d 187 (1971) and *People v. Bock Leung Chew*, 142 Cal.2d 400, 298 P.2d 118 (Cal.1956) as the applicable law. The facts are not disputed as the only evidence introduced at the suppression hearing was the testimony of the policeman.

■ Appellant contends that while there may have been probable cause sufficient to support a search warrant, the failure to obtain one invalidated the search incident to the arrest and therefore the evidence seized must be suppressed. The test for the presence of probable cause to arrest is as follows:

" 'The lawfulness of a warrantless arrest depends upon whether the facts and circumstances within the knowledge of the arresting officer at the time were sufficient to warrant a man of reasonable caution to believe that a felony had been committed by the person arrested,' *State v. Edwards*, 111 Ariz. 357 at 360, 529 P.2d 1174 at 1177 (1974). See also, *State v. Green*, 111 Ariz. 444, 532 P.2d 506 (1975)."

*State v. Sardo*, 112 Ariz. 509, 515, 543 P.2d 1138, 1144 (1975).

When a police officer receives knowledge of the commission of an offense in his presence through any of his senses, he has sufficient probable cause to make a warrantless arrest under A.R.S. § 13–1403. *State v. McGuire*, supra (smell); *Faber v. State*, 62 Ariz. 16, 152 P.2d 671 (1944) (hearing). When this probable cause exists, a police officer is empowered to forcibly enter a house or structure to effect the arrest. A.R.S. § 13–1411; *Adair v. Williams*, 24 Ariz. 422, 210 P.2d 853 (1922); *Faber v. State*, supra. Probable cause to make the warrantless arrest existed at the time the policeman smelled the aroma of marijuana emanating from Room 33 and he was within his authority to forcibly enter after he complied with the requisites of A.R.S. § 13–1411. *State v. McGuire*, supra. Cf. *State v. Cook*, Ariz., 564 P.2d 877 (1977).

■ Appellant's argument that the failure to obtain a prior search warrant should result in the suppression of the evidence is not persuasive as there was no search involved. Since this record confirms that the policeman entered the room for the purpose of arresting appellant and that he had probable cause to make the entry, the discovery of the marijuana on the floor next to appellant did not constitute a search since the officer merely saw what was placed before him in plain view. *Kerr v. California*, 374 U.S. 23, 83 S.Ct. 1623, 10 L.Ed.2d 726 (1963); *State v. Warness*, 26 Ariz.App. 359, 548 P.2d 853 (1976). There is nothing in this record to suggest that the marijuana was not immediately observed and recognized as such upon the policeman's entry into Room 33. The only permissible inference from the policeman's testimony is that it was in plain view and thus not discovered as the result of a search.

Appellant relies heavily on *Johnson v. United States*, 333 U.S. 10, 68 S.Ct. 367, 92 L.Ed. 436 (1948), in support of suppression. In *Johnson* the evidence was not in plain sight but was only discovered after a detailed search of the premises. We agree with appellant that if the facts of this case showed the discovery of the evidence after a *Johnson* search, our holding would be inconsistent with *Johnson*. See *State v. Warness*, supra; *State v. Sauve*, 112 Ariz. 576, 544 P.2d 1091 (1976); see also, *Coolidge v. New Hampshire*, 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971). Similarly *Chapman v. United States*, 365 U.S. 610, 81 S.Ct. 776, 5 L.Ed.2d 828 (1961), and *Stoner v. California*, 376 U.S. 483, 84 S.Ct. 889, 11 L.Ed.2d 856 (1964), dealt with the evidence obtained from the defendant's dwelling by means of a warrantless search in his absence. These cases are distinguishable and of no help to appellant for the same reason that we have found. *Johnson v. United States*, supra, inapplicable.

■ In addition to suspending the imposition of sentence and placing appellant on probation for one year the trial court imposed a fine of one hundred and fifty dollars and a jail sentence until the fine was paid, but not to exceed one hundred and fifty days. The execution of the jail sentence was suspended for one hundred and fifty days in order to permit appellant to earn the money necessary to pay the fine. In light of *State v. Pitts*, 26 Ariz.App. 390, 548 P.2d 1202 (1976), the mixing of the sentences and probation was illegal. *Accord State v. Gray*, Ariz., 564 P.2d 101 (Ct. App.1977). The sentences are set aside and the cause remanded for resentencing.

NELSON, P. J., concurring.

OGG, Judge, dissenting.

I must respectfully dissent from the majority opinion in this case for the reasons set forth herein. In my examination of relevant Arizona case law I have been unable to find controlling precedent holding that the detection of the odor of marijuana by a sole policeman outside a dwelling, *without more*, constitutes probable cause to arrest the unknown occupant for the commission of a felony. In prior cases the detection of the aroma of marijuana has been an element, but not the sole factor, in

establishing the requisite level of facts establishing probable cause.[1]

In denying Decker's motion to suppress the trial court relied upon the cases of *State v. McGuire*, 13 Ariz.App. 539, 479 P.2d 187 (1971) and *People v. Bock Leung Chew*, 142 Cal.App.2d 400, 298 P.2d 118 (1956), for the proposition that probable cause for a felony arrest exists when a police officer receives through his senses knowledge of the commission of the offense. It must be noted, however, that *Bock Leung Chew* has been impliedly overruled by the case of *People v. Ramey*, 16 Cal.3d 263, 127 Cal.Rptr. 629, 545 P.2d 1333 (1976). Furthermore, in my opinion, the *McGuire* case is factually distinguishable from the instant case since in *McGuire* the police were originally called to the scene of the crime specifically to investigate a reported pot party at the defendant's residence rather than to investigate other unrelated criminal activity as in this case.

In my opinion, under the facts of this case, the mere odor of burning marijuana is not by itself sufficient circumstantial evidence to constitute probable cause to justify entry into a private residence to effect a warrantless arrest. See *Rogers v. State*, 131 Ga.App. 136, 205 S.E.2d 901 (1974); *Yawn v. State*, 134 Ga.App. 77, 213 S.E.2d 178 (1975); and *Clare v. State*, 135 Ga.App. 281, 217 S.E.2d 638 (1975). The aroma of burnt marijuana may have a tendency to linger in a closed environment and provides no reliable clue regarding the occupants of the residence or whether a usable amount of marijuana is concealed therein.

It is not my intention to retreat from or mitigate the rule promulgated in *Faber v. State*, 62 Ariz. 16, 152 P.2d 671 (1944) and *State v. McGuire*, supra, that a police officer may rely on his senses to establish probable cause for warrantless arrest. I feel, however, that the mere odor of burnt marijuana, without additional incriminating evidence of criminal activity, does not provide sufficiently reliable evidence to justify entry into a private residence to effect a warrantless arrest.

I also believe that there is insufficient justification under ARS § 13–1411 for a warrantless entry by the police into Decker's room and on this ground the trial court erred in failing to suppress the seized evidence. I rely on the recent case of *State v. Cook*, 564 P.2d 877 (1977), in which the Arizona Supreme Court held:

> It is our opinion that under ARS Const. Art. 2, § 8, as well as the fourth amendment of the United States Constitution, a *warrantless entry into a dwelling in order to effect an arrest is per se unreasonable absent exigent circumstances.* Id. 62 Ariz. at 16, 152 P.2d 671. [Emphasis added.] Citing to *People v. Ramey*, 16 Cal.3d 263, 127 Cal.Rptr. 629, 545 P.2d 1333 (1976).

Exigent circumstances were compiled and limited in *Vale v. Louisiana*, 399 U.S. 30, 90 S.Ct. 1969, 26 L.Ed.2d 409 (1970), and adopted by our supreme court in *Cook* as: consent; response to an emergency; hot pursuit of a fleeing felon; and probability of

---

1. *Arizona Supreme Court cases. State v. Mahoney*, 106 Ariz. 297, 475 P.2d 479 (1970), policeman's view in addition to smell of marijuana sufficient; *but see, State v. Harrison*, 111 Ariz. 508, 533 P.2d 1143 (1975) smell alone established probable cause in automobile search.

   *Court of Appeals Division Two cases. State v. McGuire*, 13 Ariz.App. 539, 479 P.2d 187 (1971), combination of neighbor's complaint of marijuana party with policeman's detection of the odor; *State v. Ballesteros*, 23 Ariz.App. 211, 531 P.2d 1149 (1975), informer's tip, policeman's observation and detection of the odor; *State v. Raymond*, 21 Ariz.App. 116, 516 P.2d 58 (1973), defendant's condition indicating that he is under the influence of something, not

alcohol, and detection of the odor; *State v. Caldwell*, 20 Ariz.App. 331, 512 P.2d 863 (1973), discovery of marijuana in rental car repossessed from the premises plus detection of the odor; *State v. Howard*, 16 Ariz.App. 331, 493 P.2d 133 (1972), odor of marijuana plus observation of smoking in progress.

   *Court of Appeals Division One cases. State v. Salcido*, 22 Ariz.App. 167, 525 P.2d 298 (1974), policeman viewed freshly burned ashes on car seat, saw defendant with small hand-rolled cigarette tapered on one end and ragged on the other, and smelled strong odor of burning marijuana; *but see, State v. Zamora*, Ariz.App., 559 P.2d 195 (1976), smell alone established probable cause in automobile search.

imminent destruction of goods, or their removal from the jurisdiction. The only exigent circumstance arguably present here is the destruction of evidence, as the police officer may arguably have believed that it was literally going up in smoke. However, the *Vale* court, in limiting the scope of this circumstance to cases where "the goods ultimately seized were in the process of destruction," implicitly held that the threat the evidence in the house *might* be destroyed was not sufficient to authorize a warrantless search. There was no showing in the instant case that the contraband was in the process of destruction or that the officer even considered this as a possible reason for his warrantless intrusion.

Decker's hotel room was doubtless protected by the fourth amendment. *Johnson v. United States*, 333 U.S. 10, 68 S.Ct. 367, 92 L.Ed. 436 (1948); *McDonald v. United States*, 335 U.S. 451, 69 S.Ct. 191, 93 L.Ed. 153 (1948). The inviolability of one's living quarters from entry by the police without a warrant previously authorized by an impartial magistrate has been one of the most zealously protected freedoms of the American people. See, e. g., *Wolff v. Colorado*, 338 U.S. 25, 69 S.Ct. 1359, 93 L.Ed. 1782 (1949); *Johnson v. United States*, supra; *McDonald v. United States*, supra; *Trupiano v. United States*, 334 U.S. 699, 68 S.Ct. 1229, 92 L.Ed. 1663 (1948). "The search of a private dwelling without a warrant is, in itself, unreasonable and abhorrent to our laws." *Agnello v. United States*, 269 U.S. 20, 32, 46 S.Ct. 4, 6, 70 L.Ed. 145, 149 (1925).

It is therefore my opinion that the evidence of the marijuana was unlawfully obtained by Officer Sewell pursuant to his entry into Decker's room, and that the trial court erred in failing to grant Decker's motion to suppress this evidence. I would reverse the conviction and sentence.