580 P.2d 333

**STATE of Arizona, Appellee,**

v.

**Barry Daniel DECKER, Appellant.**

**No. 4017–PR.**

Supreme Court of Arizona,
In Banc.

May 24, 1978.

**196**

John A. LaSota, Jr., Atty. Gen., Bruce E. Babbitt, former Atty. Gen., by William J. Schafer, III, Chief Counsel, Crim. Div., Galen H. Wilkes, Asst. Attys. Gen., Phoenix, for appellee.

Aspey, Watkins & Diesel by Louis M. Diesel, Flagstaff, for appellant.

STRUCKMEYER, Vice Chief Justice.

Appellant, Barry Daniel Decker, was convicted of possession of marijuana, a violation of A.R.S. § 36–1002.05. The Court of Appeals, Division One, 119 Ariz. 213, 580 P.2d 351 (App.1977), affirmed the conviction and remanded for resentencing. We granted review. Opinion of the Court of Appeals vacated.

The facts are not in dispute. On January 19, 1976, at approximately 7:30 p. m., Police Officer Terry Sewell was dispatched to the Pine Motor Hotel in Flagstaff, Arizona, to investigate a report of a prowler on the roof. During his investigation at the hotel, the officer detected a strong odor of burned marijuana emanating from Room 33.

Officer Sewell knocked on the door of Room 33 several times. Finally a voice from inside the room asked who was knocking. Sewell replied, "Police officer." Two minutes passed without the door being opened. Sewell again knocked on the door and said, "Police officer. Open the door or I'll break it in." The officer heard body movement in the room and another minute or two passed without the door being opened. The police officer then kicked in the door and saw Decker trying to throw something out the window. When Decker turned away from the window, Sewell saw a baggie of marijuana lying near his feet.

Decker was arrested and charged with possession of marijuana. The trial court denied a motion to suppress the marijuana. Decker waived his right to a jury trial and was found guilty of possession of marijuana.

The first question presented by this appeal is whether the officer's entry to arrest was unlawful as being without a warrant. If it was unlawful, then the marijuana should have been suppressed.

■ The State argues the officer only needed probable cause to make an arrest. He was required to announce his entry by A.R.S. § 13–1411. However, in our recent decision of *State v. Cook,* 115 Ariz. 188, 564 P.2d 877 (1977), we held that under Art. 2, § 8, of the Arizona Constitution and under the Fourth Amendment of the United States Constitution, a warrantless entry into a dwelling in order to effect an arrest is *per se* unreasonable absent exigent circumstances. The rule is applicable here since a hotel room is as much the object of Fourth Amendment protection as a home or office. *Hoffa v. United States,* 385 U.S. 293, 87 S.Ct. 408, 17 L.Ed.2d 374 (1966). In order to enter without a warrant, there must not only be probable cause to arrest, but there must also be exigent circumstances to enter.

■ The questions to be resolved are, therefore, whether there was probable cause to arrest and whether there were exigent circumstances to enter without a warrant.

In determining the existence of probable cause, we look to A.R.S. § 13–1403. It provides in part:

"A peace officer may, without a warrant, arrest a person:

(1) When he has probable cause to believe that a felony has been committed and probable cause to believe the person to be arrested has committed the felony."

■ Probable cause may arise from the use of an officer's senses. *State v. McQuire,* 13 Ariz.App. 539, 479 P.2d 187 (1971) (sense of smell); *Faber v. State,* 62 Ariz. 16, 152 P.2d 671 (1944) (sense of hearing). It has been held that the odor of marijuana emanating from the trunk of an automobile afforded probable cause to believe that the automobile contained contraband. *State v. Harrison,* 111 Ariz. 508, 533 P.2d 1143 (1975). It has also been held that the same odor emanating from a suitcase afforded probable cause to believe that the suitcase contained contraband. *State v. Mahoney,* 106 Ariz. 297, 475 P.2d 479 (1970).

The principle is applicable here. The odor of burned marijuana afforded probable cause to believe that the hotel room contained marijuana and that a felony had been or was being committed.

In determining whether there was probable cause to believe that Decker had committed a felony, we concern ourselves only with what the officer knew before his entry to make the arrest. *Ker v. State of California,* 374 U.S. 23, 83 S.Ct. 1623, 10 L.Ed.2d 726 (1963). The officer did not know who occupied the hotel room. He only knew the smell of burned marijuana, that he had heard movements and a voice inside the room, and that he had been refused entrance to it. The question is, then, whether these facts gave probable cause to believe that the occupant of the room was in possession of the marijuana. That the officer was refused entrance did not alone provide probable cause.

Even if the smell of burned marijuana has a lingering effect, as is urged, we think that a man of reasonable prudence, upon

smelling the odor of burned marijuana, would believe that marijuana is probably present. The odor of burned marijuana provides a rational inference that marijuana is likely in the process of still being burned. We hold, therefore, that the police officer could have a reasonable belief that the occupant or occupants of the room were probable offenders. The odor of burned marijuana was sufficient to provide probable cause to believe that an occupant of the room was smoking marijuana. As was said in *Vaillancourt v. Superior Court for County of Placer,* 273 Cal.App.2d 791, 797, 78 Cal.Rptr. 615, 619 (1969):

> "The presence of the odor of burning marijuana by itself indicates that it was being possessed or consumed by an individual or individuals at that precise time."

The facts in *Vaillancourt* are very similar to those in this case. In *Vaillancourt,* an officer smelled the odor of burning marijuana emanating from a hotel room while walking down the hotel hallway. After knocking, he entered the room, where he found marijuana in plain view. The court upheld the entry on the basis that these facts constituted probable cause to arrest. The court stated:

> "Here, the officers detected the smell of burning marijuana which would clearly indicate that a crime was being committed in their presence. The burning would also indicate that the evidence was in fact disappearing, unlike the situation in *Marshall* [*People v. Marshall,* 69 Cal.Rptr. 585, 442 P.2d 665 (1968)] where there was no imminent destruction of the contraband." *Id.*

Appellant relies on *Johnson v. United States,* 333 U.S. 10, 68 S.Ct. 367, 92 L.Ed. 436 (1948), for the proposition that smell alone cannot create probable cause to effectuate a warrantless arrest. However, in Arizona, by A.R.S. § 13–1403, a police officer may make a warrantless arrest when he has probable cause to believe the person to be arrested has committed a felony. While the police officer was uncertain as to who was to be arrested, he was certain that a person within the apartment had committed a felony. We do not think that a police officer is required to know the name of the person who has committed the felony. He had probable cause to believe an offense had been committed and that some person within the room had committed it. Whether appellant was the only person in the room so that the police officer would be able to prove conclusively who was the offender relates only to whether he could subsequently establish a case of guilt beyond a reasonable doubt and not whether he was or was not in compliance with Arizona's statute at the time of his entrance into appellant's room.

■ Since we find probable cause to arrest the occupant of the room, we reach the question whether there were such exigent circumstances that the officer did not require a warrant to enter Decker's room. We have recognized four circumstances as exigent. They are: (1) consent, (2) response to an emergency, (3) hot pursuit of a fleeing felon, and (4) probability of imminent destruction of goods or their removal from the jurisdiction. *State v. Cook,* 115 Ariz. 188, 193, 564 P.2d 877, 882 (1977). *Cf. Vale v. Louisiana,* 399 U.S. 30, 35, 90 S.Ct. 1969, 1972, 26 L.Ed.2d 409 (1970).

The fourth circumstance is here applicable. After the officer knocked and was refused admittance, there existed a strong probability of imminent destruction of the marijuana. The smell in this case alone indicated the contraband was being destroyed. *Vaillancourt,* supra. The delay necessary to obtain a warrant could mean that the marijuana would have been completely destroyed. We find that there is here an exigent circumstance.

■ There is a third question which, while not raised by the defendant or the State, is implicit in the case and that concerns whether appellant was properly sentenced. To determine this, we examine the statutes in effect when appellant was sentenced on May 17, 1976. When appellant was sentenced, A.R.S. § 13–1657 provided in part:

"A. If it appears that there are circumstances in mitigation of the punishment, or that the ends of justice will be subserved thereby, the court may, in its discretion, place the defendant upon probation in the manner following:

1. The court may suspend the imposing of sentence and may direct that the suspension continue for such period of time, not exceeding the maximum term of sentence which may be imposed, and upon such terms and conditions as the court determines, and shall place such person on probation, * * *. One of the conditions imposed may be incarceration in the county jail for a specified period not to exceed one year.

2. If the sentence is to pay a fine, and the defendant is imprisoned until the fine is paid, the court, upon imposing sentence, may direct that the execution of the sentence of imprisonment be suspended for such period of time, not exceeding the maximum term of sentence which may be imposed and on such terms as it determines, and shall place the defendant on probation, * * * for the purpose of giving the defendant an opportunity to pay the fine. Upon payment of the fine, the sentence shall be satisfied and the probation cease."

In Decker's case, the trial judge elected to treat Decker's crime as possession of marijuana, a misdemeanor. The trial judge suspended the imposition of sentence and placed Decker on probation for one year, subject to various conditions. *In addition,* Decker was ordered to pay a fine of $150.00. He was sentenced to jail until the fine was paid, but not for more than 150 days. This was suspended for 150 days to allow Decker time to earn money to pay the fine.

An examination of the statute shows that A.R.S. § 13–1657(A)(1) applies when a sentence has not been imposed, and A.R.S. § 13–1657(A)(2) applies only when a sentence has been imposed. The court's sentence is therefore void. Either the portion of the sentence under (A)(1) or (A)(2) must be deleted.

If we assume that the intention of the trial judge was to rely primarily on A.R.S. § 13–1657(A)(1), then she properly suspended imposition of the sentence and placed Decker on probation for one year. Under subsec. (A)(1), the court could also place Decker in jail as a condition of probation. However, subsec. (A)(1) does not allow a fine to be imposed. *State v. Pitts,* 26 Ariz. App. 390, 548 P.2d 1202 (1976). Nor does subsec. (A)(1) permit a condition of probation to be suspended. Hence, the court had no authority under subsec. (A)(1) to suspend the jail time or fine the defendant. Also, the court could not make the jail time conditioned upon payment of the fine. That much of the sentence must be stricken.

If, on the other hand, we assume the trial judge's prime intention was to rely on A.R.S. § 13–1657(A)(2), then the portion of the sentence to fine the defendant and suspend the jail time was proper. However, A.R.S. § 13–1657(A)(2) only applies when a sentence has actually been imposed and we would have to assume the fine and jail time were meant to be sentences. Such an assumption would make the initial order to suspend imposition of sentence meaningless. There is no statutory authority which allows a court to both suspend imposition of sentence and place a defendant on probation and then actually impose a sentence of a fine and jail time and suspend execution of the jail time. We hold that Decker could not be sentenced simultaneously under A.R.S. § 13–1657(A)(1) and A.R.S. § 13–1657(A)(2).

The conviction is affirmed and this cause is remanded for resentencing.

CAMERON, C. J., and HAYS, HOLOHAN and GORDON, JJ., concur.