589 P.2d 1306

STATE of Arizona, Appellee,

v.

Robert P. VALENZUELA, Appellant.

No. 4365.

Supreme Court of Arizona,
In Banc.

Jan. 10, 1979.

John A. LaSota, Jr., Former Atty. Gen., Robert K. Corbin, Atty. Gen. by William J. Schafer, III, Georgia B. Ellexson, Asst. Attys. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender by Michael G. Sullivan, Deputy Public Defender, Phoenix, for appellant.

STRUCKMEYER, Vice Chief Justice.

Appellant, Robert P. Valenzuela, was convicted of possession of marijuana, a violation of A.R.S. § 36–1002.05, and appeals from the judgment of conviction. Affirmed.

On July 21, 1977, at approximately 12:40 a. m., Officer Paul Resczenko of the Phoenix Police Department made a westbound turn from 8th Avenue onto Madison Street. Immediately after completing the turn, he observed the appellant and four companions standing near an automobile. As he slowly passed this group, Officer Resczenko detected a strong odor of marijuana.[1] He made a U-turn and parked his patrol car east of a point where appellant and his companions stood. As he was getting out of his car, he observed that appellant put his hand into his right front pants pocket.

After Resczenko approached, he smelled the odor of marijuana about appellant. He also saw a large bulge in appellant's right

1. Officer Resczenko has had prior training and experience in the detection of marijuana.

front pants pocket. When asked what was in his pocket, appellant replied, "Nothing." Officer Resczenko put his hand into appellant's right front pants pocket and removed a plastic bag which it was later determined contained 27 grams of marijuana. Appellant was then placed under arrest.

Officer Resczenko booked appellant into the Maricopa County Jail, where, after he was given the customary *Miranda*[2] warning, he admitted that he had smoked "one joint" shortly before the officer's arrival. He also said that one of the other two males present had given him the marijuana shortly before Officer Resczenko arrived in his patrol car.

Appellant filed a motion to suppress all evidence concerning the plastic bag of marijuana as the fruits of an unreasonable search. After hearing arguments from both sides, the Superior Court took the matter under advisement and later that day appellant's motion was denied. On November 22, 1977, appellant waived his right to a jury trial and submitted the issue of guilt to the court based on the preliminary hearing transcript, and police and scientific reports. The trial judge designated the offense as a misdemeanor and entered an order on November 30, 1977, finding appellant guilty of possession of marijuana.

By this appeal, Valenzuela questions whether Officer Resczenko had probable cause to arrest him and, as an incident thereto, search him.

A.R.S. § 13–3883 provides in part:

"A peace officer may, without a warrant, arrest a person:

1. When he has probable cause to believe that a felony has been committed and probable cause to believe the person to be arrested has committed the felony."

■ Probable cause may arise from use of an officer's senses. *State v. Decker,* 119

Ariz. 195, 580 P.2d 333 (1978) (sense of smell); *Faber v. State,* 62 Ariz. 16, 152 P.2d 671 (1944) (sense of hearing); *State v. McGuire,* 13 Ariz.App. 539, 479 P.2d 187 (1971) (sense of smell). In *State v. Decker,* supra, we held that the smell of burning marijuana emanating from a hotel room provided probable cause to believe the room contained marijuana and that a felony had been or was being committed therein. The odor of marijuana detected by Officer Resczenko as he passed the subjects would lead a reasonable person to believe that marijuana had been burned[3] in the immediate vicinity shortly before his arrival.

■ An officer, however, must not only have probable cause to believe that a felony was committed, he must also have probable cause to believe the person to be arrested committed the offense. In determining whether there was probable cause to believe that appellant had committed a felony, we are concerned only with what Officer Resczenko knew before he searched appellant. Normally we would be concerned with facts known to the officer before the arrest, but in this case the arrest took place after the search. If an officer has sufficient information from which he could make an arrest and as an incident to that arrest make a lawful search, the search is not unreasonable if made before instead of after the arrest. *State v. Carroll,* 111 Ariz. 216, 526 P.2d 1238 (1974); *People v. Poole,* 174 Cal.App.2d 57, 344 P.2d 30 (1959). However, a warrantless arrest or search cannot be justified by facts which the officer was unaware of at the time. *People v. Superior Court of Los Angeles County,* 7 Cal.3d 186, 101 Cal.Rptr. 837, 496 P.2d 1205 (1972).

The record shows that Officer Resczenko was aware of a general odor of marijuana, that appellant had placed his hand in his pocket, that appellant had a strong odor of

---

**2.** *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1969).

**3.** The record does not state affirmatively that Officer Resczenko detected burned or burning marijuana as opposed to the marijuana plant. We think, however, that Officer Resczenko's

statement in answer to the question, "Why did you stop?", i. e., "Because someone is smoking marijuana." is sufficient to support the conclusion that it was the odor of burning or burned marijuana.

marijuana about him, and that appellant lied about the contents of his pocket in stating that nothing was in it.

From the fact that there was the odor of marijuana about appellant's person and that he had placed his hand in his pocket, it cannot be concluded that there was probable cause for an arrest. These facts are consistent with innocent activity since they can be explained by the mere presence at a place where marijuana had been smoked. Presence alone at a place where marijuana is being smoked is not of itself sufficient to show possession. *State v. Curtis,* 114 Ariz. 527, 562 P.2d 407 (App. 1977). But when appellant was questioned about the contents of his pants pocket, he responded with an obvious falsehood. A false answer in response to questions by the police based on the police officer's personal knowledge may constitute probable cause. See *United States v. Lewis,* 362 F.2d 759 (2d Cir. 1966); *People v. Superior Court of Los Angeles County,* 7 Cal.3d 186, 101 Cal. Rptr. 837, 496 P.2d 1205 (1972); *People v. Upton,* 257 Cal.App.2d 677, 65 Cal.Rptr. 103 (1968); *People v. Galceran,* 178 Cal.App.2d 312, 2 Cal.Rptr. 901 (1960); *People v. Nebbitt,* 183 Cal.App.2d 452, 7 Cal.Rptr. 8 (1960); *People v. Brady,* 16 N.Y.2d 186, 264 N.Y.S.2d 361, 211 N.E.2d 815 (1965); *People v. Cameron,* 73 Misc.2d 790, 342 N.Y.S.2d 773 (1973).

In *Upton,* supra, a police officer stopped the defendant for driving on the wrong side of the street. Upton produced an interim driver's license, but could not produce the registration for his car. In California, failure to produce a registration, without more is not sufficient to support a finding of probable cause to arrest. *People v. Superior Court of Los Angeles County,* 7 Cal.3d 186, 101 Cal.Rptr. 837, 843, 496 P.2d 1205, 1211 (1972). Upton informed the officer that the vehicle belonged to a Mr. Ohaire of Oakland, California, and that he and his two passengers had borrowed the car for a trip to Seattle. The officer ascertained by radio that the last registered owner of the vehicle was Marvin Handler of Atherton, California. Upton was arrested on suspicion of auto theft. A subsequent search of the vehicle produced several bricks of marijuana.

The California Appeals Court set aside the lower court's order dismissing the information, holding in part that because Upton could not produce the registration and because the officer knew the last registered owner was not the person named by Upton, there was probable cause to make an arrest for auto theft. The California Supreme Court affirmed this principle in *People v. Superior Court of Los Angeles County,* supra, saying:

"* * * [E]ven though the lack of a registration card does not alone furnish the necessary probable cause, it does give the officer reasonable grounds to inquire further into the matter i. e., to ask the motorist for an explanation of its absence; and a number of cases have emphasized the significance of answers by motorists which are inconsistent, conflicting, or palpably false * * *. * * * Such answers have no discernible innocent meaning, and may reasonably be taken to indicate consciousness of guilt." *Id.* 101 Cal.Rptr. at 845, 496 P.2d at 1213.

The same principle is applicable here. Appellant was stopped at approximately 1:00 a. m. in an area where marijuana had been smoked. He had a strong odor of marijuana about his person, and he was observed placing his hand in his pocket. These were suspicious circumstances which gave the officer reasonable grounds to inquire further. Then appellant lied about the contents of his pants pocket. Appellant's response had no discernible innocent or plausible explanation. Under the circumstances, appellant's obviously false answer to Officer Resczenko provided an additional circumstance sufficient to support a finding of probable cause to arrest.

Affirmed.

CAMERON, C. J., and HAYS, HOLOHAN and GORDON, JJ., concur.