Jesse JONES, Jr., Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–80–485.

Court of Criminal Appeals of Oklahoma.

Aug. 12, 1981.

Paul D. Brunton, Tulsa, for appellant.

Jan Eric Cartwright, Atty. Gen., Susan Talbot, Asst. Atty. Gen., Deputy Chief, Crim. Div., Oklahoma City, for appellee.

## MEMORANDUM OPINION

BUSSEY, Judge:

On December 18, 1977, at about 3:00 p.m., Officers Canfield and Ellis of the Tulsa Police Department proceeded to the residence of Jesse Jones, Jr., where they served a warrant to search the premises for stolen guns. Although the weapons were not found, Officer Ellis arrested Jones and took him to the police station while Officer Canfield remained at the house and continued the search. After completing the search of the house, Officer Canfield crawled under the porch and observed, at the base of the foundation stem, a Nestea container two inches (2″) wide and eight inches (8″) tall. It was sealed at the top with silver duct tape, and all that could be observed through the base was a plastic bag containing a brown substance. The sealed Nestea container was too small to contain any of the stolen guns described in the warrant. Nevertheless, the container was seized, initialed and taken to the department's chemist, who later determined that the content of the plastic bag was heroin.

As a result, Jesse Jones, Jr., hereinafter referred to as the defendant, was charged and tried in the District Court of Tulsa County, Case No. CRF–77–3387, for the offense of Unlawful Possession of a Controlled Substance, pursuant to Laws 1975, Ch. 22, § 1, now 63 O.S.Supp. 1980, § 2–401. The jury returned a verdict of guilty for the lesser included offense of possession of a controlled substance, and set punishment at three and one-half (3½) years' in the custody of the Department of Corrections.

The sentence was imposed on January 18, 1980, and the defendant appeals.

The single assignment of error requiring reversal on appeal is that the seizure and search of the Nestea container was outside the four corners of the warrant, and was therefore unlawful. We have consistently held that in order to meet the requirements of the Fourth Amendment, search warrants must describe with specificity and particularity the place to be searched and the items to be seized. *Kinsey v. State*, 602 P.2d 240 (Okl.Cr. 1979); *State v. Baxter*, 528 P.2d 347 (Okl.Cr. 1974). The necessity for specificity is designed to insure that a search does not extend beyond its authorized purpose, and that law enforcement officers do not engage in exploratory rummaging through personal belongings. See also, *Marron v. United States*, 275 U.S. 192, 48 S.Ct. 74, 72 L.Ed. 231 (1927).

It is true that Officer Canfield was lawfully on the premises under a valid search warrant for stolen weapons; it is equally true that the Nestea container was in plain view. However, under the facts herein presented, we are of the opinion that there was no probable cause to believe that the content of the container was contraband. Consequently, its seizure and subsequent search was illegal. To hold otherwise, would be tantamount to ignoring Fourth Amendment protections and sanctioning seizures based on mere suspicions and inarticulate hunches. Furthermore, while we recognize the plain view doctrine enunciated in *Coolidge v. New Hampshire*, 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971), *Coolidge* cannot be perverted to justify the seizure of the Nestea container in the instant case under the State's contention that it might have contained the sales tags from the guns described in the warrant.

Finding that the court erred in overruling the motion to suppress, and that the defendant properly objected to the admission of the illegally seized evidence, this case is REVERSED AND REMANDED with instructions to dismiss.

BRETT, P. J., and CORNISH, J., concur.