542 P.2d 1100

**STATE of Arizona, Appellant,**

v.

**Wendell BROWN, Appellee.**

**No. 3236.**

Supreme Court of Arizona,
In Banc.

Nov. 24, 1975.

Rehearing Denied Jan. 6, 1976.

Bruce E. Babbitt, Atty. Gen., Moise Berger, Maricopa County Atty., Lyle O. Reinsch, Deputy County Atty., Phoenix, for appellant.

Derickson & Kemper by James Hamilton Kemper, Phoenix, for appellee.

GORDON, Justice:

The State of Arizona appeals from an order dismissing with prejudice the prosecution of Wendell Brown for two counts of receiving stolen property and one count of conspiracy to receive stolen property. The trial court found that the defendant had been denied his right to a speedy trial under Rule 8 of the Arizona Rules of Criminal Procedure. We take jurisdiction of this case pursuant to Rule 47(e)(5), Rules of the Supreme Court.

Brown was arraigned on April 8, 1974 and released on his own recognizance. A Notice of Change of Judge was filed pursuant to Criminal Rule 10.2 on April 9th by a co-defendant. The case was transferred to another judge on April 18th. Because of the complicated nature of a motion to suppress certain evidence obtained through wiretaps the trial court issued an order on May 29th "finding 30 days are excluded under Rule 8.4" and giving the parties an additional two weeks in which to file their memoranda. The motion to suppress was denied on July 8th, but according to minute entries a trial date

was not set because of the "legal [wiretaps] issues that both counsel and the Court felt ought to be resolved by an appellate court." After the Court of Appeals declined to accept jurisdiction of a special action on September 23rd the trial court concluded that the speedy trial time limits contained in Rule 8.2 had not been tolled while the appellate court considered the petition and thus recommended that the defendant file a motion to dismiss. The motion was made on October 3rd and granted on October 4th.

We find that the trial court properly granted the motion to dismiss. The nine day delay caused by the change of judge was an "excluded period" under Rule 8.4. *State ex rel. Berger v. Superior Court of Maricopa County*, 111 Ariz. 335, 529 P.2d 686 (1974). An additional thirty days were excluded by minute entry for the filing of memoranda in connection with the motion to suppress. This exclusion was made by the judge and was not occasioned by or requested by the defendant and cannot be considered as benefitting the defendant. This thirty day period, therefore, is not an exludable period under Rule 8.4. The period between August 28th, when Brown's petition for special action was filed, and September 23rd, when the Court of Appeals declined to accept jurisdiction, is excludable under Rule 8.4 as a delay "occasioned by or on behalf of the defendant."

Because the defendant was not in custody, Rule 82(c) required in this case that he "be tried * * * within 90 days from the date of his arraignment before the trial court." After deducting the excluded periods mentioned above, the motion to dismiss was granted one hundred forty-four days after the defendant's arraignment, well beyond the speedy trial limit.

When a violation of Rule 8 time limits is established, the trial court may dismiss the prosecution with or without prejudice, depending upon the facts of the case. *State ex rel. Berger v. Superior Court of Maricopa County*, supra. The denial of the defendant's motion in this case occurred before the date of our decision in *State ex rel. Berger v. Superior Court of Maricopa County*, supra, and minute entries indicate that the trial judge was under the incorrect impression that he did not have the option to dismiss the prosecution without prejudice.

The matter is, therefore, remanded to the Superior Court for a determination as to whether the dismissal of the prosecution is to be with or without prejudice.

CAMERON, C. J., STRUCKMEYER, V. C. J., and HAYS and HOLOHAN, JJ., concur.