628 P.2d 56

The STATE of Arizona, Appellee,

v.

Blaine R. NADLER, Appellant.

No. 2 CA–CR 2182.

Court of Appeals of Arizona,
Division 2.

March 12, 1981.
Rehearing Denied April 22, 1981.
Review Denied May 12, 1981.

Robert K. Corbin, Atty. Gen. by Bruce M. Ferg, Asst. Atty. Gen., Tucson, for appellee.

Donau & Bolt by Alfred S. Donau, III, Tucson, for appellant.

## OPINION

BIRDSALL, Judge.

Appellant and two co-defendants, Michael and Douglas Commons, were charged with possession of cocaine and possession of mar- ijuana. The two co-defendants entered into plea agreements with the State. Appellant was found guilty by a jury of both counts and subsequently sentenced by the trial court to the presumptive sentence of four years imprisonment on the cocaine charge and a concurrent sentence of 1.875 years on the marijuana charge. This appeal followed.

There are four issues presented. First, did the trial court err in denying appellant's motion to suppress the physical evidence? Second, did the trial court abuse its discretion and commit reversible error in refusing to grant a continuance on the first day of the trial? Third, was there sufficient evidence to sustain the convictions and lastly, did the trial court err in denying appellant's motion to dismiss based on a violation of time limits under Rule 8, 17 A.R.S., Rules of Criminal Procedure?

The pertinent facts are as follows. On January 5, 1980 a law enforcement officer approached a motor vehicle which previously has been under police surveillance at the Lavender Pit viewpoint just off U.S. 80 in Bisbee, Cochise County, Arizona. Co-defendant Michael Commons was standing outside the vehicle and as the officer engaged him in conversation he detected a strong odor of burnt marijuana coming from the automobile. He then ordered the other two occupants, appellant and co-defendant Douglas Commons, out of the car and proceeded to search it. Although the officer was alone at the time he initially came to the scene, other officers appeared at about the time that he commenced his search.

In the search the officer located a paper bag in the back seat where co-defendant Douglas Commons had been sitting. Appellant was occupying the passenger seat in the front of the vehicle at the time he exited. The officer opened the bag and discovered a baggy of marijuana. At that time he ordered a fellow officer to take all three persons into custody. Upon further inspection of the contents of the bag the officer removed a closed box and a leather pouch. He opened both of these items and

discovered a flat dish, an eye dropper, two glass bottles with liquid and two vials. During the surveillance of the automobile the officers had observed conduct by its then occupants, none of whom could be identified as the defendants, which led them to believe that both marijuana and cocaine were being used in the vehicle. Laboratory analysis of the vials disclosed the contents to be cocaine. We will discuss other facts as necessary in considering the issues presented.

### Denial of the Motion to Suppress

Appellant argues that the motion to suppress should have been granted because the search did not fall within an exception to the warrant requirement. In the alternative, he argues that even if a warrantless search of the car was permissible, a search warrant had to be obtained before the officer inspected the contents of the paper bag. *See Arkansas v. Sanders*, 442 U.S. 753, 99 S.Ct. 2586, 61 L.Ed.2d 235 (1979). We do not reach these issues because we hold that appellant failed to prove that he had standing to claim the benefits of the exclusionary rule because he had no legitimate expectation of privacy in either the automobile or any of the property seized. *See Rakas v. Illinois*, 439 U.S. 128, 99 S.Ct. 421, 58 L.Ed.2d 387 (1978). *See also Rawlings v. Kentucky*, 448 U.S. 98, 100 S.Ct. 2556, 65 L.Ed.2d 633 (1980); *United States v. Salvucci*, 448 U.S. 83, 100 S.Ct. 2547, 65 L.Ed.2d 619 (1980).

In *Salvucci* the United States Supreme Court overruled the holding of the Court of Appeals that a defendant is entitled to "automatic standing" to challenge the legality of a search and seizure if he is charged with a possessory crime. The Supreme Court also held that defendants charged with crimes of possession may claim the benefits of the exclusionary rule only if their own Fourth Amendment rights have, in fact, been violated. A defendant may testify in support of a motion to suppress in order to establish his interest in the contraband and if he does that testimony cannot be admitted as evidence of guilt at trial. *Simmons v. United States*, 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247 (1968). Rule 16.2, 17 A.R.S. Rules of Criminal Procedure specifically provides that a defendant may testify at a hearing concerning the constitutionality of the use of specific evidence against him and, if he does, he does not waive his right to remain silent during the trial. Neither the fact of his testifying nor his testimony shall be mentioned at the trial unless he testifies concerning the same matters. *Id.*

Thus in this case in order for the court to grant appellant's motion to suppress, assuming the validity of his reasons for suppression, appellant would first have to present evidence concerning his interest, possessory or otherwise, in the contraband. No such evidence was presented. At trial all of the evidence presented by appellant demonstrated his apparent lack of any invaded legitimate interest. In fact he testified himself before the jury and disclaimed any right to either the drugs or any of the paraphernalia. The evidence further disclosed that he was neither the owner of the car nor its driver and that co-defendant Michael Commons was the owner of the drugs. In rebuttal appellant argues that since this question of standing was not argued to the trial court it cannot now be urged on appeal as a reason for upholding the trial court's denial of the motion to suppress. As authority he cites *State v. Goldsmith*, 112 Ariz. 399, 542 P.2d 1098 (1975). *Goldsmith* only involved an objection not made to the trial court which was argued for the first time on appeal as a grounds for reversal and is not authority for the proposition stated by appellant. On the contrary on appeal the trial court's ruling will be affirmed on any grounds which were within the issues. *State v. Sardo*, 112 Ariz. 509, 543 P.2d 1138 (1975). Certainly the question of whether or not appellant's constitutional right of privacy was invaded was an issue on the motion to suppress. The record does not show the reasons for the trial court's ruling. However, its ruling will be affirmed when the correct result is reached even though based upon the wrong

reasons. *State v. Sardo*, supra; *State v. Martin*, 102 Ariz. 142, 426 P.2d 639 (1967). The trial court did not err in denying the motion to suppress.

### Denial of Motion to Continue

The state intended to call as a witness co-defendant Michael Commons. The day before trial was to commence the court learned that he had been injured in an accident and would be unable to come from his home in Idaho and would be unavailable because of medical reasons for four weeks. Upon learning of this the prosecutor advised the trial judge ex parte. The judge was adamant that no continuance would be permitted and the prosecutor then secured the attendance of the other co-defendant Douglas Commons from Delaware. He had not previously intended to call him. Appellant had not listed either of the co-defendants as witnesses and had not secured any writs for their attendance or subpoenaed either of them. He had been advised by the state that Michael Commons was going to be called as a witness and appellant expected to develop exculpatory evidence from him if he testified.

On the trial date, July 31, 1980, upon learning that the state intended to call Douglas instead of Michael, appellant first moved to preclude the state from calling Douglas and, when this motion was denied, moved for a continuance in order to produce Michael as a witness. The trial court ordered that appellant would be entitled to interview Douglas prior to opening statements and denied the motion to continue. Even if we accept appellant's argument that Michael Commons would have been a material defense witness the granting of a continuance because of the absence of even a material witness is well within the trial court's discretion. *State v. Guthrie*, 108 Ariz. 280, 496 P.2d 580 (1972) *cert. den.* 409 U.S. 878, 93 S.Ct. 131, 34 L.Ed.2d 132. The trial court's ruling on such a motion will not be disturbed unless an abuse of discretion and prejudice are clearly established. *State v. Benge*, 110 Ariz. 473, 520 P.2d 843 (1974). We fail to see any abuse of discretion where

appellant did nothing initially to secure the attendance of the witness himself. His argument that Michael Commons would have given exculpatory evidence is not supported by any affidavit or by the record except for counsel's argument. As pointed out by the state, the testimony of Douglas was cumulative of much of the testimony which appellant argues would have been obtained from Michael. We hold that the trial court did not err in denying the motion to continue.

### Sufficiency of the Evidence

The evidence before the jury, considered in the light of supporting its verdict, was that appellant was present in the automobile during a journey from Idaho to Mesa, Arizona to Tucson and to Bisbee, and that he participated in the use of the marijuana in the car and likewise the cocaine. He clearly knew that both drugs were present. Douglas Commons testified that although the drugs belonged to his brother Michael all three had equal access to them and there was no requirement that they ask Michael's permission before using them. There was sufficient evidence from which the jury could determine that appellant was not just merely present and that he had a right to possess and control the substances.

### Alleged Rule 8 Speedy Trial Violation

Appellant's initial appearance was January 5, 1980 and his arraignment February 22. The trial actually commenced July 31. Since he was not in custody, under Rule 8.2(c), 17 A.R.S. Rules of Criminal Procedure, his trial was required to be held within 120 days from the January 5 date or 90 days from arraignment whichever was the greater period of time. Obviously the 90 days from arraignment would be a longer period of time. The time limits were enlarged by excluding from their computation delays occasioned by or on behalf of appellant and delays resulting from continuances in accordance with Rule 8.5. 17 A.R.S. Rules of Criminal Procedure, rule 8.4. In this case co-defendant Michael Commons filed a motion for change of

judge on February 6 which was not resolved until March 17. The time consumed while that motion was pending is excluded time attributable to the appellant because delay caused by a change of judge motion is an excluded period. *See State v. Brown,* 112 Ariz. 401, 542 P.2d 1100 (1975). Co-defendants are chargeable with excluded time attributable to any other defendant. *State v. Johnson,* 122 Ariz. 260, 594 P.2d 514 (1979); *State ex rel. Berger v. Superior Court,* 111 Ariz. 335, 529 P.2d 686 (1974). Appellant's motions to continue were granted which vacated a trial date of June 12 and a subsequent trial date finally resulting in the trial date of July 31. Thus with a total of 73 days excluded from the time computation the trial date was well within 90 days from arraignment. We note also that appellant had unsuccessfully moved to continue the trial date of July 31 and also waived a motion for immediate trial setting. Under all of these facts the trial court was correct in denying the motion to dismiss based on Rule 8.

The judgment and sentence are affirmed.

HATHAWAY, C. J., and HOWARD, J., concur.