636 P.2d 126

**STATE of Arizona, Appellant,**

v.

**Michael George COOPER and Vernon Lee Andrews, Appellees.**

**No. 1 CA–CR 4727.**

Court of Appeals of Arizona, Division 1, Department B.

Sept. 8, 1981.

Rehearings Denied Oct. 21, 1981.

Review Denied Nov. 10, 1981.

Robert K. Corbin, Atty. Gen., by William J. Schafer III, Chief Counsel, Criminal Division, Asst. Atty. Gen., Phoenix, and Jay V. Flake, Navajo County Atty., by Dale K. Patton, Jr., Deputy County Atty., Holbrook, for appellant.

Law Offices of Thomas A. Thinnes, P. A., by Thomas A. Thinnes, Phoenix, for appellee Cooper.

Craig Mehrens, P. A., by Craig Mehrens, Phoenix, for appellee Andrews.

OPINION

HAIRE, Presiding Judge.

This is an appeal by the State of Arizona from an order granting appellees' motions to suppress. The suppression order precluded the evidentiary use by the state of cocaine found in a small opaque vial taken from appellee Andrews' pants pocket by police officers during a warrantless search at the time of his arrest. The trial court's order also precluded the evidentiary use of a baggie of marijuana discovered when the officers opened a closed box found on the back seat of the automobile in which both appellees were riding immediately prior to their arrest.

The issues raised on appeal concern whether the searches which resulted in the discovery of the cocaine and marijuana fall within any of the exceptions to the Fourth Amendment's search warrant requirement.

The searches occurred after an automobile driven by appellee Cooper was stopped for a speeding violation by an Arizona Highway Patrol officer. Appellee Andrews was a passenger riding in the front passenger seat. When Cooper walked back toward the officer's patrol car, the officer noticed the odor of marijuana on Cooper's person. The officer requested that Cooper show him the registration papers for the automobile. While Cooper was getting the papers from the automobile, the officer also noticed a strong odor of burnt marijuana coming from inside the automobile. This odor was confirmed by a Navajo County Deputy Sheriff, Roy West, who stopped to assist. While the highway patrol officer (Shannon) and Deputy Sheriff West were on the driver's side of Cooper's car, Andrews stepped out of the passenger side and began walking towards a market approximately one hundred feet away from where the stop was made. Deputy Sheriff West ordered Andrews to return, asked for identification and told him that he was going to conduct a "pat-down" search. At that point, Andrews turned and ran towards the market. He was quickly apprehended by Deputy Sheriff West, and, after a short scuffle, handcuffed and placed under arrest.

Deputy Sheriff West then searched him, finding a small opaque vial in his pants pocket. The officer opened the lid on the vial and found cocaine inside.

While Andrews was being arrested and searched, Officer Shannon had handcuffed appellee Cooper and placed him in or near the patrol car. The officers then conducted a search of Cooper's automobile. During this search, they found a baggie of marijuana inside a closed box on the back seat of the car. There was nothing in the appearance or configuration of the box which proclaimed its contents or from which the nature of its contents could be inferred.

Both appellees were charged with possession of the marijuana which was discovered in the box on the back seat of the automobile. In addition, appellee Andrews was charged with possession of the cocaine found during the search of his person upon his arrest.

We first consider whether the trial court erred in granting the motion to suppress the cocaine found during the search of appellee Andrews. The state urges that the cocaine was discovered during a search of Andrews, incident to a lawful custodial arrest, and that therefore the Fourth Amendment's search warrant requirement was inapplicable. *See United States v. Robinson*, 414 U.S. 218, 94 S.Ct. 467, 38 L.Ed.2d 427 (1973). We agree.

The trial court's written decision granting the motion to suppress the cocaine reveals that in determining that a search warrant was required be made no distinction between searches which are incident to a lawful custodial arrest and those which rely upon the "automobile exception"[1] as justification for a warrantless search. Here the trial judge specifically found that the officers had the right to search Andrews, but nevertheless, relying upon *Arkansas v. Sanders*, 442 U.S. 753, 99 S.Ct. 2586, 61 L.Ed.2d 235 (1979), concluded that because "the vial [in which the cocaine was found] was opaque and had to be opened to see the contents", a search warrant was required.

In *Arkansas v. Sanders, supra,* the prosecution attempted to justify a warrantless search of a suitcase taken from the trunk of a taxi, urging that the facts fell within the "automobile exception" to the Fourth Amendment's search warrant requirement. The court refused to extend the automobile exception so as to allow a warrantless search of closed containers found in an automobile unless the specific container by its very nature did not furnish any support for a finding of a reasonable expectation of privacy. However, in holding that the warrantless search of the defendant's luggage was not supportable under the automobile exception, the court left open the question of whether such a search could be upheld as incident to an arrest, stating:

> "Nor do we consider the constitutionality of searches of luggage incident to the arrest of its possessor. See, e. g., *United States v. Robinson*, 414 U.S. 218, 94 S.Ct. 467, 38 L.Ed.2d 427 (1973). The State has not argued that respondent's suitcase was searched incident to his arrest, and it appears that the bag was not within his 'immediate control' at the time of the search."

442 U.S. at 764, n. 11, 99 S.Ct. at 2593, n. 11, 61 L.Ed.2d at 245, n. 11.

This distinction between warrantless searches conducted as an incident to a lawful custodial arrest and those for which justification is sought under the "automobile exception" doctrine is highlighted by two recent United States Supreme Court decisions. In *Robbins v. California*, —— U.S. ——, 101 S.Ct. 2841, 69 L.Ed.2d 744 (1981), the court was concerned with the validity of a warrantless search of an automobile, during which the officer found in the automobile's luggage compartment two packages wrapped in green opaque plastic. The officers unwrapped the packages and found bricks of marijuana. The state attempted to justify the search under the "automobile exception" doctrine. After stating that certiorari had been granted

---

1. *See Chambers v. Maroney*, 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970); *Carroll v. United States*, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543 (1925).

"because of continuing uncertainty as to whether closed containers found during a lawful warrantless search of an automobile may themselves be searched without a warrant", the court held that the warrantless search of the two packages in question was invalid. The essence of the court's holding was that a warrantless search of a closed opaque container found in a lawful search of an automobile cannot be upheld under the "automobile exception" doctrine unless the container is such that its contents may be said to be in plain view, such as where the "distinctive configuration of a container proclaims its contents." Again, the court specifically noted that it had not been argued that the opening of the packages in question was incident to a lawful custodial arrest.

On the same day that the court released its opinion in *Robbins v. California, supra*, it also released its opinion in *New York v. Belton*, —— U.S. ——, 101 S.Ct. 2860, 69 L.Ed.2d 768 (1981). In *Belton*, immediately after the occupants of an automobile had been arrested and removed from the automobile, the officer conducted a warrantless search of its passenger compartment. On the back seat the officer found a jacket belonging to one of the occupants, Belton. He unzipped one of the pockets of the jacket and discovered cocaine. The New York Court of Appeals held that the warrantless search of the jacket was invalid and that therefore Belton's motion to suppress the cocaine should have been granted. The United States Supreme Court disagreed, holding that the cocaine was discovered in a search incident to a lawful arrest, and that therefore a search warrant was not required. In arriving at its holding, the court distinguished its prior opinions in *Arkansas v. Sanders, supra*, and *United States v. Chadwick*, 433 U.S. 1, 97 S.Ct. 2476, 53 L.Ed.2d 538 (1977), as not involving an arguably valid search incident to a valid arrest. Relying upon its prior decisions in *Chimel v. California*, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969) and *United States v. Robinson, supra*, the court held that when a police officer has made a lawful custodial arrest of the occupant of an automobile, the officer may, as a contemporaneous incident of that arrest, search the passenger compartment of that automobile. The court then stated:

"It follows from this conclusion that the police may also examine the contents of any containers found within the passenger compartment, for if the passenger compartment is within reach of the arrestee, so also will containers in it be within his reach. *United States v. Robinson, supra*; *Draper v. United States*, 358 U.S. 307 [79 S.Ct. 329, 3 L.Ed.2d 327]. Such a container may, of course, be searched whether it is open or closed, since the justification for the search is not that the arrestee has no privacy interest in the container, but that the lawful custodial arrest justifies the infringement of any privacy interest the arrestee may have." (Footnote omitted).

—— U.S. at ——, 101 S.Ct. at 2864, 69 L.Ed.2d at 775.

In footnote 4, the court defined "container" as follows:

" 'Container' here denotes any object capable of holding another object. It thus includes closed or open glove compartments, consoles, or other receptacles located anywhere within the passenger compartment, as well as luggage, boxes, bags, clothing, and the like. Our holding encompasses only the interior of the passenger compartment of an automobile and does not encompass the trunk."

—— U.S. at ——, n. 4, 101 S.Ct. at 2864, n. 4, 69 L.Ed.2d at 775, n. 4.

The New York Court of Appeals was of the opinion that the search and seizure in the *Belton* case could not have been incident to a valid arrest because, by the very act of searching Belton's jacket and seizing the contents of its pocket, the officer had gained "exclusive control" of them. The Supreme Court rejected this theory, stating:

"But under this fallacious theory no search or seizure incident to a lawful custodial arrest would ever be valid; by seizing an article even on the arrestee's

person, an officer may be said to have reduced that article to his 'exclusive control.'"

— U.S. at —, n. 5, 101 S.Ct. at 2865, n. 5, 69 L.Ed.2d 776, n. 5.

■ Applying the above principles, it is apparent that the fact that the vial found on appellee Andrews' person was "opaque" and "closed" is immaterial, and does not furnish a basis for the suppression of its contents if the vial was discovered in a search incident to a lawful custodial arrest.

Appellee Andrews argues, however, that the facts do not reveal probable cause for his arrest, and therefore the search cannot be upheld as incident to his arrest. From our review of the record, we find probable cause to support the arrest.

■ In *State v. Reuben*, 126 Ariz. 108, 612 P.2d 1071 (App.1980), we ruled that the smell of burnt marijuana emanating from an automobile gave probable cause to search the automobile and arrest the driver.[2] *State v. Valenzuela*, 121 Ariz. 274, 589 P.2d 1306 (1979) stated that the mere smell of marijuana coming from a group of suspects does not provide probable cause to search and arrest where there is nothing to single out which of the suspects might be guilty. However, the court held that since there were circumstances singling out an individual, probable cause did exist to arrest that individual. Here, the required link providing probable cause to believe Andrews was connected with the offense was supplied when Andrews left the car and attempted to flee. As stated in *Sibron v. New York*, 392 U.S. 40, 88 S.Ct. 1889, 20 L.Ed.2d 917 (1968):

"... [D]eliberately furtive actions and flight at the approach of strangers or law officers are strong indicia of *mens rea*, and when coupled with specific knowledge on the part of the officer relating the suspect to the evidence of crime, they are proper factors to be considered in the decision to make an arrest."

392 U.S. at 66–67, 88 S.Ct. at 1904, 20 L.Ed.2d at 937 (1968).

We find that the record shows probable cause for the arrest of Andrews and that the vial of cocaine was discovered in a search incident to that arrest. Therefore no warrant was required, and the trial court erred in granting the motion to suppress the cocaine.

■ We next consider whether the trial court erred in granting the motion to suppress the marijuana discovered in the closed box found on the back seat of the passenger compartment of the automobile in which both Cooper and Andrews were occupants immediately before they were arrested. The state did not urge in the trial court, and has not urged on this appeal, that the warrantless search of the box might be upheld as a valid search incident to a lawful custodial arrest. *See New York v. Belton, supra.* Likewise, the standing of appellee Andrews to question the validity of the search has not been raised. *See Rakas v. Illinois*, 439 U.S. 128, 99 S.Ct. 421, 58 L.Ed.2d 387 (1978); *State v. Morrow*, 128 Ariz. 309, 625 P.2d 898 (1981); *State v. Nadler*, 129 Ariz. 19, 628 P.2d 56 (App.1981). The sole basis urged for reversal is that the marijuana was discovered during a lawful search of the automobile supported by probable cause, and that therefore under the automobile exception doctrine, no warrant was required. Regardless of the confusion in the law which might have existed on this point at the time the trial judge ruled, the subsequent decision of the United States Supreme Court in *Robbins v. California, supra,* has removed any question as to the correctness of his ruling. The arguments of the state attacking that ruling are without merit. The search of the closed box containing marijuana cannot be upheld under the automobile exception doctrine. Accord-

---

2. *See also State v. Decker*, 119 Ariz. 195, 580 P.2d 333 (1978) (holding that the smell of burnt marijuana coming from under the door of a motel room was sufficient probable cause to believe that someone in the room had recently or was then smoking marijuana and that even though the officers did not know which occupant may have been violating the law, the threatened destruction of evidence provided exigent circumstances to enter the motel room, arrest the occupants and search them.)

ingly, the trial judge order suppressing the marijuana was correctly entered.

The trial court's order suppressing the evidentiary use of the cocaine is reversed. The trial court's order suppressing the evidentiary use of the marijuana is affirmed.

JACOBSON and EUBANK, JJ., concur.