**STATE of Maine**

v.

**Correy SMITH.**

Supreme Judicial Court of Maine.

Submitted on Briefs May 2, 1991.
Decided June 12, 1991.

---

Michael E. Carpenter, Atty. Gen., Wayne S. Moss, Asst. Atty. Gen., Augusta, for State.

Perry O'Brian, Vandermeulen, Goldman, Allen & O'Brian, Bangor, for defendant.

Before McKUSICK, C.J., and WATHEN, GLASSMAN, CLIFFORD and COLLINS, JJ.

McKUSICK, Chief Justice.

Defendant Correy Smith appeals from a decision of the Superior Court (Penobscot County, *Beaulieu, J.*) that on appeal from the District Court (Bangor, *Kravchuk, J.*) affirmed his conviction for unlawfully furnishing scheduled drugs, 17–A M.R.S.A. § 1106 (Class D) (1983 & Supp.1990). Following his conviction in the District Court on a conditional guilty plea, Smith on appeal challenged as violative of his constitutional rights the District Court's denial of his motion to suppress marijuana, drug paraphernalia, and cash taken from his pockets in a warrantless search by a Bangor police officer. We agree with the Superior Court in finding no error in the denial of defendant's motion to suppress.

In ruling that the search at issue was reasonable, the District Court made no specific findings of fact. On appeal, however, there is no significant dispute as to the pertinent facts surrounding the search; defendant has contested only the legal conclusion to be drawn therefrom. *See State v. Boilard,* 488 A.2d 1380, 1384 (Me.1985). We adopt as our own the Superior Court's summary of the facts of record:

> In the early morning hours of October 21, 1989, defendant was traveling as a passenger in an automobile driven by Edward Carter. At this same time, Bangor Police Department Officer Joel Nadeau was on duty and traveling on Kenduskeag Avenue in Bangor.... As the officer approached the intersection at Strickland and Griffin Roads, he observed Carter's vehicle make an "extremely wide turn" from Griffin Road onto Kenduskeag Avenue. The officer decided to follow the Carter vehicle and noticed that it drove for approximately two-tenths of a mile with its left wheels over the center line of Kenduskeag Avenue. He was also able to "clock" the vehicle, which was allegedly operating at speeds between 50 and 53 miles per hour in a 30–mile per hour speed zone. Believing the driver to be operating under the influence of intoxicating liquor, Officer Nadeau stopped the vehicle.

> He approached the driver, Carter, and asked to inspect his license, registration and proof of insurance. Finding the paperwork in order, the officer questioned Carter about his activities that night. While questioning him, Officer Nadeau observed a "moderate and fresh smell" of marijuana emanating from the automobile. Officer Nadeau could not locate the precise source of the odor from the vehicle; nor did his plain view examination of the passenger compartment produce any evidence of contraband. In response to the officer's questions, Carter admitted that "he and his friend had had one 'joint' that evening." All the while, albeit appearing nervous, defendant displayed no behavior from which the officer could conclude that he was involved in any criminal activity.

> Officer Nadeau then asked Carter to exit the vehicle and follow him to the rear of the car. He asked Carter to empty the contents of his pockets on the rear hood of the vehicle. Carter emptied all pockets save his breast pocket. When the emptied pockets yielded no incriminating evidence, the officer reached into Carter's breast pocket and pulled out a small object containing some alleged stale marijuana residue. Officer Nadeau was unable, however, to detect any evidence tending to link Carter with the fresh scent of marijuana which came from the car.

Officer Nadeau then focused his attention on defendant. He requested defendant to also exit the vehicle and empty the contents of his pockets. Again, all pockets were emptied except defendant's breast pocket. The contents of his other pockets yielded a pipe containing some alleged stale marijuana residue, what turned out to be $692, and a small slip of paper with names and numbers written thereon.

Observing a bulge in defendant's not yet emptied breast pocket, the officer pressed his hand against the outside surface of that pocket and heard a "crinkling sound." Associating this sound with plastic baggies, products typically used to package marijuana, Officer Nadeau unzipped the breast pocket and retrieved a large plastic bag which contained several smaller plastic bags later determined to contain marijuana.

Based on his belief that the smaller bags of marijuana were nickel bags, that the names on the sheet of paper were marijuana customers of defendant's, and that defendant had gotten the $692 from drug sales, Officer Nadeau arrested defendant for trafficking. After calling for a wrecker to tow the car, Officer Nadeau searched the car's passenger compartment and found rolling papers and a knife used to pack down pipes.

On November 30, 1989, defendant was charged by complaint with furnishing marijuana. After pleading not guilty, defendant moved to suppress the pipe, the large bag containing the smaller bags of marijuana, the money, and the paper with the names and numbers. The District Court denied the motion to suppress and, after defendant's conviction on his conditional guilty plea, the Superior Court affirmed.

■ We are satisfied that the search at issue here fitted within the standard exception to the warrant requirement:

A warrantless search is reasonable within the meaning of section 5 of article I of the Maine Constitution and the fourth amendment of the federal constitution if there exists probable cause to search, coupled with ... an existence of exigent circumstances.

*State v. Fales*, 540 A.2d 1120, 1121 (Me. 1988); *see also New York v. Belton*, 453 U.S. 454, 457, 101 S.Ct. 2860, 2862, 69 L.Ed.2d 768 (1981) (the exigencies presented by a particular situation may justify exemption from the warrant requirement if probable cause exists). The record created at the suppression hearing shows that the officer had probable cause to believe that he would find evidence of marijuana use in defendant's pockets and that exigent circumstances rendered the obtaining of a warrant impracticable. *See State v. Boilard*, 488 A.2d at 1384.

On appeal defendant does not challenge the legality of Officer Nadeau's stop of Carter's car. As a consequence of that lawful stop, the officer smelled in the car the odor of freshly burnt marijuana, learned from Carter that he had earlier smoked pot with his friend (inferentially defendant), and observed defendant's nervousness during the questioning of Carter. The cumulative effect of those observations and the inference that defendant had recently smoked pot with Carter provided the officer with the probable cause that entitles a reasonable and cautious police officer "to believe that the search [of defendant's pockets] would disclose criminal conduct or items that would aid in identifying or establishing the commission of a crime." *State v. Fales*, 540 A.2d at 1121. Defendant's argument on appeal that whatever probable cause Officer Nadeau may have had to search Carter's vehicle did not extend to the search of defendant's pockets misses the mark. By the time that the officer began the search of defendant's pockets, his probable cause was specifically focused on defendant and not merely on the vehicle.

■ Officer Nadeau has met the heavy burden imposed upon him to demonstrate that his warrantless search of defendant's pockets was based on an "urgent need." *Welsh v. Wisconsin*, 466 U.S. 740, 750, 104 S.Ct. 2091, 2097, 80 L.Ed.2d 732 (1984); *see also State v. Moulton*, 481 A.2d 155, 164 (Me.1984) (exigent circumstances exist "where there is a compelling need to conduct a search and insufficient time in which

to secure a search warrant"), *aff'd*, 474 U.S. 159, 106 S.Ct. 477, 88 L.Ed.2d 481 (1985). The exigent circumstances presented to Officer Nadeau were related to the nature of marijuana as evidence that easily can be destroyed. *See United States v. Socey*, 846 F.2d 1439, 1444–45 (D.C.Cir.), *cert. denied*, 488 U.S. 858, 109 S.Ct. 152, 102 L.Ed.2d 123 (1988); *see also Schmerber v. California*, 384 U.S. 757, 770–71, 86 S.Ct. 1826, 1835–36, 16 L.Ed.2d 908 (1966) (exigent circumstances exist when evidence is likely to disappear). The likelihood that defendant would thwart a search was further enhanced by his access to an automobile that created the possibility of "quick flight." *United States v. Tartaglia*, 864 F.2d 837, 841 (D.C.Cir.1989). Here, if the officer left the automobile in order to obtain a warrant, defendant and Carter could hide, dispose of, or disappear with notoriously evanescent evidence. The scope of the officer's search of defendant's jacket and pants pockets for evidence of recent marijuana use was no more intrusive than the particular exigency presented by the objective facts required. *See State v. Stone*, 294 A.2d 683, 691 (Me.1972).

The entry is:

Judgment affirmed.

All concurring.