STATE of Wisconsin, Plaintiff-Respondent,

v.

Juan MATA, Defendant-Appellant.

Court of Appeals

*No. 98–2895–CR. Submitted on briefs August 20 , 1999.—Decided September 22, 1999.*

(Also reported in 602 N.W.2d 158.)

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Daniel P. Murray* of *Love, Voss, Murray & Goeschko* of Waukesha.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *James E. Doyle,* attorney general, and *Stephen W. Kleinmaier,* assistant attorney general.

Before Brown, P.J., Nettesheim and Snyder, JJ.

NETTESHEIM, J. The issue on appeal is whether a police search of a passenger in a motor vehicle based solely on the odor of marijuana is reasonable. Based upon our supreme court's decisions in *State v. Secrist,* 224 Wis. 2d 201, 589 N.W.2d 387, *cert. denied,* 119 S. Ct. 1799 (1999), and *State v. Mitchell,* 167 Wis. 2d 672, 482 N.W.2d 364 (1992), we hold that such a search is proper. We therefore affirm the conviction of Juan Mata for the unlawful possession of a controlled substance with intent to deliver pursuant to § 961.41(1m)(h)1, STATS.

### Facts

The controlling facts are not disputed. On November 12, 1997, at approximately 7:35 p.m., Racine County Deputy Sheriff Daniel Klatt and two other officers spotted a Cadillac being operated without a front license plate. The officers stopped the vehicle

which contained three occupants. When Klatt approached the driver's side of the vehicle, the driver rolled down the window and Klatt immediately detected a strong odor of raw marijuana. The driver provided a name and stated that he did not have his operator's license with him. Further investigation revealed that the name provided by the driver was not on file with the Department of Transportation. The driver then exited the vehicle at Klatt's direction, and Klatt conducted a pat-down search. No weapons or other contraband were discovered.

Meanwhile, another of the officers was obtaining the identifications of the other two passengers. A record check revealed that one of the passengers was wanted on an outstanding warrant. The officers arrested and searched this person. Again, no weapons or contraband were discovered.

Mata was the remaining occupant of the vehicle. Klatt directed Mata to step out of the vehicle. He asked Mata whether he had any weapons or drugs on his person and Mata replied that he did not. Klatt then conducted a pat-down search of Mata and felt a hard object in Mata's right front jacket pocket. When he asked Mata what the object was, Mata responded that it was a bag of socks. Klatt was suspicious of this response because the object did not feel like a bag of socks. Klatt then reached into the pocket and extracted a clear plastic baggie that contained two similar baggies with green leafy material that Klatt believed to be unsmoked marijuana. Klatt described the marijuana as very compacted, as though it had been cut off a brick of marijuana. Mata was arrested. A further search of his person produced a pager. The vehicle was also searched, but no further incriminating evidence was discovered.

The State charged Mata with unlawful possession of a controlled substance with intent to deliver. Mata brought a motion to suppress the evidence obtained as a result of the search. Mata contended that the search was invalid because it was conducted solely on the basis of the odor of marijuana. He also contended that the scope of the search exceeded the permissible limits of a *Terry*[1] search. The trial court rejected these arguments and denied the motion to suppress. Mata then pled guilty to the charge and a judgment of conviction was entered. Mata appeals, challenging the trial court's rejection of his motion to suppress.

### *Discussion*

■
Mata contends that the search violated his rights under the United States and Wisconsin Constitutions. When reviewing an order granting or denying a motion to suppress evidence, we will uphold a trial court's findings of fact unless they are clearly erroneous. *See Secrist*, 224 Wis. 2d at 207, 589 N.W.2d at 390. However, the question of whether those facts constitute probable cause is a question of constitutional fact, which we review independently of the trial court's holding. *See id.* at 208, 589 N.W.2d at 390.

In *Secrist*, the supreme court ruled:

> [T]he odor of a controlled substance provides probable cause to arrest when the odor is unmistakable and may be linked to a specific person or persons because of the circumstances in which the odor is discovered or because other evidence links the odor to the person or persons.

---

[1] *Terry v. Ohio*, 392 U.S. 1 (1968).

*Id.* at 204, 589 N.W.2d at 389. The court further ruled that the linkage between the odor and the person or persons "must be reasonable and capable of articulation." *Id.* at 217, 589 N.W.2d at 394. In assessing this "linkage" requirement, the court stated:

> The strong odor of marijuana in an automobile will normally provide probable cause to believe that the driver and sole occupant of the vehicle is linked to the drug. The probability diminishes if the odor is not strong or recent, if the source of the odor is not near the person, *if there are several people in the vehicle,* or if a person offers a reasonable explanation for the odor.

*Id.* at 218, 589 N.W.2d at 395 (emphasis added).

Mata relies on this qualification to the *Secrist* ruling. He contends that the probable linkage between the odor and him was substantially diminished because there were three occupants in the vehicle. The State responds, citing *Mitchell*. There the supreme court stated:

> Based on the presence of both the odor of marijuana and the smoke, Officer Smith had reason to believe that defendant, his passenger, or both had been smoking marijuana, and thus possessing, marijuana. *The fact that there were two occupants in the vehicle is not fatal to a finding of probable cause to arrest defendant because probable cause does not mandate that it is more likely than not that the defendant committed the offense.*

*Mitchell*, 167 Wis. 2d at 684, 482 N.W.2d at 368 (emphasis added).

These cases are arguably in conflict. *Secrist* appears to support Mata's argument for suppression because there were three occupants in the vehicle,

thereby diminishing the probable linkage between the odor and Mata. *Mitchell* appears to support the State's argument for admissibility because probable cause does not require that the evidence make it more likely than not that the defendant committed the offense.[2]

Assuming the cases are at odds, we need not resolve the conflict in this case. Both cases agree that the question of probable cause turns on the facts of the particular case. (Whether probable exists is "measured by the facts of the particular case." *Mitchell*, 167 Wis. 2d at 682, 482 N.W.2d at 368. *Secrist* speaks of "the particular circumstances," "the totality of circumstances" and "the quantum of evidence" which are perceived by the police. *See Secrist*, 224 Wis. 2d at 218, 589 N.W.2d at 394–95.) Here, it is significant that by the time the police searched Mata, the other two occupants of the vehicle had already been searched and no evidence of marijuana or other contraband had been discovered. Thus, *under the particular circumstances of this case,* the odds of Mata possessing the suspected marijuana had increased—not diminished. *See Maine v. Smith*, 593 A.2d 210, 211–12 (Me. 1991) (officer had probable cause to search the passenger of the car, especially after a search of the driver revealed nothing to link the driver to the fresh scent of marijuana which came from the car). Thus, the necessary linkage

---

[2] The *State v. Secrist*, 224 Wis. 2d 201, 589 N.W.2d 387, *cert. denied*, 119 S. Ct. (1999), court repeatedly cited to *State v. Mitchell*, 167 Wis. 2d 672, 482 N.W.2d 364 (1992). However, the *Secrist* discussion of *Mitchell* was limited to whether the odor of burned marijuana, coupled with the presence of smoke, constituted probable cause. *See Secrist*, 224 Wis. 2d at 212–14, 589 N.W.2d at 392–93. The *Secrist* court did not address the potential conflict between the two decisions, which we have identified.

between the odor of the suspected marijuana and Mata had been sufficiently established for purposes of probable cause.[3]

Having held that probable cause existed to conduct a search, it follows that we must reject Mata's further argument that the search was unreasonable under the United States Supreme Court's decision in *Knowles v. Iowa*, 525 U.S. 113, 119 S. Ct. 484 (1998). There, the Supreme Court held that the police could not search a motor vehicle incident to the issuance of a traffic citation not involving a custodial arrest. *See id.* at 118–19, 119 S. Ct. at 488. Here, while the initial stop of the vehicle was premised on a possible traffic violation, the ensuing observations made by Klatt established probable cause to believe that marijuana was in the vehicle or on the persons of the occupants. Thus, this is not a *Knowles* case.

Mata next contends that Klatt's initial feel of the object was not sufficient to raise a reasonable belief that the object might be a weapon. As such, Mata argues that Klatt's subsequent act of reaching into his jacket pocket exceeded the permissible scope of a search conducted pursuant to *Terry v. Ohio*, 392 U.S. 1 (1968), and § 968.25, STATS., the statutory codification of *Terry*. However, as we have just noted, the search of Mata was not a "reasonable suspicion"/*Terry* search.

---

[3] Because the particular circumstances of this case provided probable cause to search Mata, we need not discuss the State's reliance on cases from other jurisdictions which, like *Mitchell*, hold that a search of all occupants of a vehicle is permitted based on the odor of marijuana. *See Brunson v. Arkansas*, 940 S.W.2d 440 (Ark. 1997); *Illinois v. Boyd*, 700 N.E.2d 444 (Ill. App. Ct. 1998); *Washington v. Hammond*, 603 P.2d 377 (Wash. Ct. App. 1979).

Rather, it was a search based on full probable cause. "A search may immediately precede a formal arrest so long as the fruits of the search are not necessary to support the arrest." *State v. Ford*, 211 Wis. 2d 741, 749 n.5, 565 N.W.2d 286, 290 (Ct. App. 1997); *see also State v. Swanson*, 164 Wis. 2d 437, 450–51, 475 N.W.2d 148, 154 (1991) (citing *Rawlings v. Kentucky*, 448 U.S. 98, 111 (1980)). Here, as we have already explained, Klatt had probable cause to search Mata. As a result, the fruits of the search were not necessary to justify the ensuing arrest of Mata. Even though Klatt expressed a *Terry* basis for the search, we are not bound by an officer's subjective reasons for a search or arrest. *See State v. Kasian*, 207 Wis. 2d 611, 621, 558 N.W.2d 687, 691 (Ct. App. 1996). The law provides that Klatt had probable cause to search Mata. We apply that law, not Klatt's subjective reasons for searching Mata.

Alternatively, even addressing Mata's *Terry* analysis, we reject his argument. Mata's real quarrel on this issue is with the credibility of Klatt's testimony that he believed Mata might be harboring a weapon. However, the trial court expressly determined that Klatt was a credible witness. Klatt testified that he felt a hard object in the pocket area. Mata's explanation that the object was a bag of socks did not ring true with Klatt. Based on those facts, Klatt reached into Mata's jacket pocket and extracted the object.

■

We hold that Klatt's actions and suspicions were reasonable. Section 968.25, STATS., authorizes a police officer to search a person for weapons when the officer "reasonably suspects that he or she or another is in danger of physical injury." The stop of the vehicle in this case was in a high crime area known for its gang, drug and weapons activity. Given the odor of mari-

juana that he had detected, Klatt was legitimately and reasonably concerned for his safety. As such, he was entitled to conduct his initial pat-down and, arguably, was entitled to extract the "hard" object at that moment. *See State v. Guy*, 172 Wis. 2d 86, 100–02, 492 N.W.2d 311, 316–17 (1992) (when an officer touches or feels an object during a pat-down search which through his or her training and experience leads the officer to believe may be contraband, the officer is justified in retrieving the item). When Mata's explanation of the nature of the object did not jibe with the feel of the object, Klatt's suspicion was heightened further. Under those facts, we hold that Klatt was entitled to reach into Mata's jacket pocket and extract the item pursuant to § 968.25.

The preceding also disposes of Mata's related argument that the search is doomed under *Swanson* and *Ford*. In *Swanson*, the police extended the *Terry* search to the pockets of the defendant. In *Ford*, the search extended into the underwear of the defendant. In both cases, the appellate courts struck down the searches. The *Swanson* court said, "The *Terry* doctrine precludes reaching into a suspect's pockets during a frisk for weapons unless the officer feels an object that could be used as a weapon." *Swanson*, 164 Wis. 2d at 454, 475 N.W.2d at 155. The *Ford* court said:

> Since the search was of Ford's person, not a vehicle, and since no weapon or contraband had been "plainly felt" during the pat down, in order to sustain the search and seizure of the marijuana we must be able to conclude that the officer had probable cause to arrest Ford prior to pulling out his waistband and shining the flashlight down his underwear. We cannot do so.

*Ford*, 211 Wis. 2d at 748, 565 N.W.2d at 290.

This case is not a *Ford* or *Swanson* case on its facts. Here, Klatt felt a hard object during the pat-down that could well have been a weapon. As such, he was reasonably concerned for his safety and he was entitled to extract the object from Mata's jacket pocket.

## Conclusion

We hold that Klatt had probable cause to search Mata. Alternatively, we hold the search, if conducted pursuant to *Terry*, did not exceed the permissible scope of such a search. We affirm the judgment of conviction.[4]

*By the Court.*—Judgment affirmed.

---

[4] For the first time in his reply brief, Mata contends that the mere odor of raw marijuana does not suffice to establish probable cause. As a result, the State's respondent's brief does not address this issue. We do not address issues raised for the first time in a reply brief. *See Swartwout v. Bilsie*, 100 Wis. 2d 342, 346 n.2, 302 N.W.2d 508, 512 (Ct. App. 1981).