I respectfully dissent. Courts in Alabama and in other jurisdictions have held that, in appropriate circumstances, an officer's detection of the odor of marijuana may provide probable cause to search or to arrest. See, e.g., State v. Mathews, 597 So.2d 235, 237-38 (Ala.Cr.App. 1992);State v. Betterton, 527 So.2d 743, 746 (Ala.Cr.App. 1986), aff'd,527 So.2d 747 (Ala. 1988); State v. Secrist, 224 Wis.2d 201,589 N.W.2d 387, cert. denied, 526 U.S. 1140, 119 S.Ct. 1799,143 L.Ed.2d 1025 (1999); Brunson v. State, 327 Ark. 567, 940 S.W.2d 440 (1997); Statev. Mitchell, 167 Wis.2d 672, 482 N.W.2d 364 (1992); Maine v. Smith,593 A.2d 210 (Me. 1991); State v. Mata, 602 N.W.2d 158 (Wis.App. 1999);State v. Huff, 64 Wn. App. 641, 826 P.2d 698 (1992); State v. Cooper,130 Ariz. 348, 636 P.2d 126 (Ct.App. 1981); State v. Hammond,24 Wn. App. 596, 603 P.2d 377 (1979). Even though, as the majority points out, the testimony in this case did not indicate whether Williams (the car's driver) told the officers that he had smoked marijuana with theappellant, the odor of marijuana emanating from the vehicle (information Officer Mitchum relayed to Officer Eissler) coupled with the appellant's suspicious behavior — he stepped out of the car although Officer Mitchum had told him to remain in the car — provided probable cause to arrest the appellant for possession of a controlled substance. Officer Mitchum was able to identify the odor of marijuana due to his training and experience. The marijuana odor alerted the officers to the fact that marijuana was likely present or had been burned shortly before their arrival and, thus, that the car's occupants likely possessed marijuana. While there were two occupants of the car, and only Williams admitted to having smoked marijuana, the appellant's suspicious behavior specifically linked the appellant also to the odor of marijuana emanating from the car. Because this provided probable cause to arrest the appellant for possession of marijuana before Officer Eissler patted him down, the search of the appellant and the seizure of the marijuana from his pocket were justified under the search-incident-to-arrest exception to the warrant requirement. Therefore, I dissent.
Baschab, J., concurs.