# COURT OF APPEALS
## DECISION
## DATED AND FILED

## May 8, 2024

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2023AP2120-CR**

STATE OF WISCONSIN

Cir. Ct. No. **2022CT23**

IN COURT OF APPEALS
DISTRICT II

STATE OF WISCONSIN,

PLAINTIFF-RESPONDENT,

V.

MITCHELL D. BUTSCHLE,

DEFENDANT-APPELLANT.

APPEAL from a judgment of the circuit court for Fond du Lac County: ANTHONY C. NEHLS, Judge. *Affirmed*.

¶1 GROGAN, J.[1] Mitchell D. Butschle appeals from the judgment entered after he pled guilty to operating a motor vehicle with a restricted

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2)(f) (2021-22). All references to the Wisconsin Statutes are to the 2021-22 version unless otherwise noted.

controlled substance (second offense) and possession of drug paraphernalia, contrary to WIS. STAT. §§ 346.63(1)(am) and 961.573(1), respectively. Butschle challenges the circuit court's decision denying his suppression motion, which asserted that the arresting police officer lacked probable cause to make the warrantless arrest. This court affirms.

## I. BACKGROUND

¶2    On January 19, 2022, at about 2:09 a.m., Fond du Lac County Sheriff Deputy Michael Vis, who had been a patrol deputy for about seven years and had specialized training in conducting operating-while-under-the-influence investigations, stopped Butschle for driving with expired license plates. Vis observed that Butschle pulled over slowly to stop his car. When Vis made contact with Butschle, he detected "a strong odor of intoxicants coming from" Butschle's breath and observed that "[h]is eyes were bloodshot and glassy."

¶3    Vis asked Butschle to exit his car to perform field sobriety tests. When Vis inquired if Butschle had been drinking, Butschle "seemed very nervous and just shook his head 'no.'" When Vis asked him again about drinking, Butschle said he did not want to answer. Butschle refused to submit to a preliminary breath test when Vis asked him to do so.[2]

¶4    Vis administered three field sobriety tests—the horizontal gaze nystagmus (HGN), walk-and-turn, and one-leg stand. Butschle failed the HGN

_____

[2] After Butschle was arrested, he asked Vis to administer a preliminary breath test, which reflected an alcohol concentration level under the legal limit. However, because the test took place after the arrest, it is not relevant to this court's analysis as to whether probable cause existed based on the totality of the circumstances Vis had at the time he arrested Butschle.

test after exhibiting all six of the clues officers look for in assessing whether a driver is impaired. Butschle passed the walk-and-turn test, although he did "hobble and almost lost [his] balance" at one point. On the one-leg stand test, Butschle exhibited one out of four clues—he swayed back and forth. Vis continued to smell the odor of intoxicants coming from Butschle during the entire time he administered the field sobriety tests.

¶5    Based on "[t]he slow stop to the side; the indicators up by the vehicle with the bloodshot, glassy eyes, the strong odor of intoxicants, the very nervous [demeanor] when ask[ed] about drinking, [Butschle] denying it; and then, also, with the HGN, the clues indicated on that[,]" combined with the "clue for walk-and-turn" and "swaying" during the one-leg stand, Vis concluded he had probable cause to arrest Butschle for operating while under the influence of an intoxicant.

¶6    As Vis was arresting Butschle, he observed Butschle throw a "tan blunt" to the ground, which later tested positive for THC.[3] Vis also found a bag of marijuana that weighed 1.85 grams during a search of Butschle's car. A blood test revealed a restricted controlled substance (Delta-9 Tetrahydrocannabinols) in Butschle's blood.

¶7    The State charged Butschle with operating a motor vehicle under the influence (second offense), possession of THC, possession of drug paraphernalia, and operating with a restricted controlled substance in the blood (second offense). Butschle initially pled not guilty and filed a motion seeking to suppress the

---

[3] Because this occurred after Vis's decision to arrest, it will not be considered in the probable cause assessment.

evidence. After a hearing at which Vis testified, the circuit court determined that Vis had sufficient probable cause to arrest Butschle and denied the suppression motion. Butschle subsequently entered into a plea bargain wherein he agreed to plead guilty to possession of drug paraphernalia and operating with a restricted controlled substance, and the possession of THC count would be dismissed and read in.[4] He now appeals.

## II. DISCUSSION

¶8    Butschle contends the circuit court erred in denying his suppression motion as it relates to the issue of probable cause to arrest. He asserts that under the totality of the circumstances, the officer did not have probable cause to arrest him, and therefore, his arrest violated constitutional protections against unreasonable search and seizure.

¶9    When reviewing a suppression motion, this court "will uphold the trial court's findings of fact unless they are clearly erroneous." *State v. Roberts*, 196 Wis. 2d 445, 452, 538 N.W.2d 825 (Ct. App. 1995). However, whether a set of "facts constitute[s] probable cause is a question of law" this court reviews de novo. *State v. Babbitt*, 188 Wis. 2d 349, 356, 525 N.W.2d 102 (Ct. App. 1994). This court examines the issue of probable cause anew and without deference to the circuit court. *See id.* In deciding whether probable cause exists, this court looks at whether the totality of the circumstances within the officer's knowledge at the time of the arrest would lead a reasonable police officer to believe the defendant was operating a motor vehicle while under the influence of

---

[4] According to records available on the Circuit Court Access Program (CCAP) website, count one—operating while intoxicated (second offense)—was dismissed on the State's motion.

an intoxicant. *See* **State v. Nordness**, 128 Wis. 2d 15, 36-37, 381 N.W.2d 300 (1986). The objective facts before a police officer need not prove guilt beyond a reasonable doubt; rather, they are sufficient if they lead to the conclusion that a violation of the law is more than a mere possibility. **State v. Richardson**, 156 Wis. 2d 128, 148, 456 N.W.2d 830 (1990). Whether probable cause exists is an objective test. *See **id.*** at 148. Probable cause exists if the totality of the circumstances "'would lead a reasonable police officer to believe that the defendant probably'" was driving under the influence. *See **Nordness***, 128 Wis. 2d at 35 (citations omitted).

¶10 Here, there were enough indicators of impairment to satisfy probable cause to arrest. First, Vis noticed a *strong* odor of alcohol, which continued through all of the field sobriety tests. A strong odor of alcohol is an indicator of intoxication. *See generally **State v. Kennedy***, 2014 WI 132, ¶22, 359 Wis. 2d 454, 856 N.W.2d 834 (collecting cases). Second, Butschle's eyes were bloodshot and glassy. These are often indicia suggesting impaired driving. **State v. Tullberg**, 2014 WI 134, ¶35, 359 Wis. 2d 421, 857 N.W.2d 120 ("We reaffirm that a law enforcement officer may consider bloodshot and glassy eyes to be one of several indicators of intoxication, even though such eye descriptors may have an innocent explanation.").

¶11 Third, the stop occurred just after 2:00 a.m., which is bar time. *See* **State v. Lange**, 2009 WI 49, ¶32, 317 Wis. 2d 383, 766 N.W.2d 551 (time of day is a valid consideration in the probable cause determination). Fourth, Butschle failed the HGN test and showed balance indicators on the other two field sobriety tests. *See **State v. Hogan***, 2015 WI 76, ¶77, 364 Wis. 2d 167, 868 N.W.2d 124 (Ziegler, J., concurring) (recognizing that "poor performance on standard field sobriety tests would support a determination that there is probable cause to arrest

5

someone" for OWI). And, fifth, Vis had significant experience and training in OWI investigations. *See State v. Wille*, 185 Wis. 2d 673, 683, 518 N.W.2d 325 (Ct. App. 1994) (police officer experience and training may be considered in probable cause determination).

¶12 Although Vis did not observe Butschle exhibiting *driving* behavior suggesting impairment (aside from pulling over more slowly than the typical driver), Vis observed multiple indicia that supported the probable cause determination. The fact that Butschle did not display additional indicia of driving under the influence does not negate the existing indicia from which a reasonable police officer could conclude that Butschle probably was driving while under the influence of an intoxicant. Probable cause requires only that the totality of the circumstances causes a reasonable officer to believe that a driver was *probably* driving under the influence. Each case must be assessed based on the factors particular to that case. *See State v. Mata*, 230 Wis. 2d 567, 572, 602 N.W.2d 158 (Ct. App. 1999). The factors in this particular case satisfy the requisite standard.

¶13 Accordingly, this court concludes that based on the totality of the circumstances, a reasonable officer could conclude that Butschle was probably operating under the influence, and, therefore, Vis's decision to arrest was

objectively reasonable. The circuit court therefore did not err in denying Butschle's suppression motion.[5]

*By the Court.*—Judgment affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)4.

---

[5] This court notes that the Response brief failed to cite to a single case and instead simply argued that the facts supported probable cause. This court reminds the Respondent that the argument section of appellate briefs "shall" "contain" "the reasons" that support the party's argument "with citations to the authorities, statutes and parts of the record relied on[.]" *See* WIS. STAT. § 809.19(1)(e); *see also **A.O. Smith Corp. v. Allstate Ins. Cos.***, 222 Wis. 2d 475, 492, 588 N.W.2d 285 (Ct. App. 1998) ("It is insufficient to just state an issue on appeal without providing support for the position and providing legal authority supporting the position."). This court may deem an argument undeveloped when a party fails to cite to any legal authority. *See **State v. Pettit***, 171 Wis. 2d 627, 646, 492 N.W.2d 633 (Ct. App. 1992). The Respondent is further reminded that when quoting directly from testimony or other documents in the Record, direct quotes are to be indicated by use of quotation marks.

Additionally, this court reminds the Respondent that WIS. STAT. RULE 809.19(3)(a)2 permits it to omit "the statement of the case[.]" Here, it appears that a portion of the "Statement of the Case/Facts" in the Response brief is almost identical to the "Statement of the Case/Facts" in Butschle's opening brief. When the Respondent agrees that the Appellant accurately portrayed certain facts, it may simply say so.